250 So.2d 602

Charles Franklin IRELAND, alias

v.

**STATE.**

**6 Div. 99.**

Court of Criminal Appeals of Alabama.

June 1, 1971.

———◆———

Kenneth D. Wallis, Birmingham, for appellant.

**66**

MacDonald Gallion, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

ALMON, Judge.

Appellant was indicted for rape in Jefferson County and entered pleas of not guilty and not guilty by reason of insanity. Subsequently, on December 4, 1968, the day the case was set for trial, appellant, on advice of employed counsel, withdrew these pleas, entered a plea of guilty and received a ten year sentence. This sentence is the minimum punishment for rape in Alabama. Tit. 14, § 395, Code of Alabama, 1940.

Appellant now alleges, through a petition for a writ of error coram nobis, that he was coerced into pleading guilty.

At the hearing held in the trial court on this petition, appellant testified that his attorney told him that the assistant district attorney stated that unless he took the ten year sentence, the assistant district attorney would see that appellant got the chair, either in this case or another robbery case. Appellant also testified that his attorney told him that appellant's mother had asked him to plead guilty and accept the recommended ten year sentence.

On cross-examination, appellant admitted that his attorney told him that the jury would set the punishment in his case.

Appellant also admitted signing a yellow piece of paper but stated that he did not read it. This paper which was introduced in evidence as State's Exhibit No. 1 contained a rather lengthy explanation of one's basic rights when facing a criminal indictment and was signed by the appellant, his attorney and the special trial judge who was presiding when the plea was entered. See appendix.

Appellant testified that both the assistant district attorney and his lawyer told him to read the paper before signing it.

The special trial judge testified that he took three or four guilty pleas on that day but that he had no independent recollection of any one of them, the appellant's included. He testified that he did remember the appellant's face and that "he was in there."

The judge further testified that he did not threaten the appellant and that on each of the pleas of guilty he disposed of that day, a form similar to that which appellant signed was completed and signed. He testified that in each case before him on that day he asked the defendant if he had read and understood the yellow piece of paper he had signed and informed each defendant that if he did not understand it, it would be explained to him.

This plea of guilty was taken on December 4, 1968. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, was decided on June 2, 1969, and was not given retroactive effect. Hall v. State, 45 Ala. App. 252, 228 So.2d 863. Yet the written explanation of rights signed by appellant was more than adequate to satisfy the requirements of Boykin, supra.

We are of the opinion that there was ample evidence from which the trial court could conclude that appellant's guilty plea was entered voluntarily and understandingly. The judgment appealed from is therefore due to be

Affirmed.