304 So.2d 268

**Alvin WHITE**

v.

**STATE.**

**6 Div. 701.**

Court of Criminal Appeals of Alabama.

Oct. 29, 1974.

Rehearing Denied Nov. 26, 1974.

Michael W. McCormick, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and David L. Weathers, Asst. Atty. Gen., Birmingham, for the State.

PER CURIAM.

The record contains four consolidated appeals, each of which emanated from a conviction of rape with a sentence of life imprisonment.

Omitting the style of the case, Exhibit A, as the same appears in the record, reads as follows:

"This is to inform you of your rights as a defendant in this criminal case. Under the indictment returned against you in this case by the Grand Jury of Jefferson County, Alabama, you are charged with the crime of Rape which is a felony offense. In the event you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary for not less that 10 years nor more than death for such offense. "Under the constitutions of the United States and of the State of Alabama you have a right or privilege not to be compelled to give evidence against yourself. In the trial of your case before the jury, you have the right to take the witness stand to testify on your own behalf, if you so desire, but no one can require you to so testify. If you testify, you can be croww-examined [sic] by the state. If you do not testify, no one can even comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you voluntarily say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

"You have the right to stand on your plea of not guilty, and the right to a public trial before a duly selected jury. In a jury trial, the jury would determine whether you are guilty or whether you are innocent, based upon the evidence in the case.

"In the trial of your case your attorney could subpoena witnesses on your behalf, make legal objections to matters that he felt were objectionable, cross-examine the witnesses of the state, examine your own witnesses, and argue the matter before the jury. He would be bound to do everything that he could honorably and reasonable do to see that you obtain a fair and impartial trial. You have the right to have witnesses subpoenaed to testify as to pertinent facts in your favor.

"In the trial of your case you will come into court clothed with a presumption that you are not guilty and this presumption of innocence will follow you throughout the course of the trial until the evidence produced by the state convinces each juror beyond a reasonable doubt of your guilt. The burden of proof is upon the State of Alabama to convince each and every juror from the evidence in the case that you are guilty beyond a reasonable doubt before the jury would be authorized to find you guilty. If the state does not meet such burden of proof, it will be the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

"To the charges set forth in the indictment you have the right to enter a plea of guilty, not guilty, not guilty by reason of insanity or any other special plea. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. If you plead guilty there will be no jury trial, as has been heretofore explained to you.

"Your attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned judge and he will be happy to make further explanation thereof to you. This the 26 day of November, 1973.

"Joseph J. Jasper, (Signed)

Circuit Judge of Tenth Judicial Circuit of Alabama

"Comes the defendant in the above-styled cause and states to the court that he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead guilty. Defendant further states to the court that he is guilty as charged, in this case, and desires to plead guilty.

"This the 26 day of November, 1973.

"Alvin White (Signed)
Defendant.

"Comes the attorney for the above-styled defendant and certifies that the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, and that a written copy of the above rights was given to the defendant for him to keep, use and study.

"This the 26 day of November, 1973.

"Anthony M. Falletto
Attorney for Defendant

"FILED IN OFFICE THIS 26 DAY OF NOVEMBER, 1973.

Julian Swift, Circuit Clerk."

There also appears in the record a colloquy between the trial judge and the defendant as follows:

"THE COURT: Are you Alvin White?

"A.   Yes, sir.

"THE COURT: Alvin White, under cases numbered 27990, 27991, 27992 and 27993 your attorneys have read to you or explained to you, or both, all your constitutional rights, including the minimum and maximum sentences in the charges under those case numbers as shown by Court's Exhibit A, is that correct?

"A.   Yes, sir.

"THE COURT: Do you understand each and every right to which you are entitled?

"A.   Yes, sir.

"THE COURT: Did you sign this form?

"A.   Yes, sir.

"THE COURT: Did you sign it voluntarily, knowing exactly now what you have signed?

"A.   Yes, sir.

"THE COURT: Under Case number 27990, you were charged with the offense of rape to which you have entered a plea of not guilty. Do you wish to withdraw or take back your plea of not guilty?

"A.   Yes, sir, take it back.

"THE COURT: You are now charged with rape. How do you plead?

"A.   Not guilty  .  .  .  guilty.

"THE COURT: And are you pleading guilty because you, in fact, are guilty?

"(No response)

"THE COURT: Are you pleading guilty because you, in fact, are guilty?

"A.   Yes, sir.

"THE COURT: And are you also withdrawing your plea of not guilty by reason of insanity?

"A.   Yes, sir.

"THE COURT: Do you have anything to say why the Court at this time should not impose sentence?

"A.   No, sir.

"THE COURT: It is the judgment and sentence of this Court that you be imprisoned in the penitentiary for a term of life.

"THE COURT: Alvin White, under case no. 27991, you were charged with the offense of rape to which you entered a plea of not guilty and not guilty by reason of insanity. Do you wish to withdraw your plea of not guilty and not guilty by reason of insanity?

"A. Yes, sir.

"THE COURT: You are now charged with rape. How do you plead?

"A. Guilty.

"THE COURT: And are you pleading guilty because you, in fact, are guilty?

"A. Yes, sir.

"THE COURT: Do you have anything to say as to why the Court at this time should not impose sentence?

"A. No, sir.

"THE COURT: It is the judgment and sentence of this Court that you be imprisoned in the penitentiary for a term of life. However, on recommendation of the District Attorney, I am going to run this case concurrently with 27990.

"THE COURT: Alvin White, under case no. 27992, you were charged with the offense of rape to which you entered a plea of not guilty and not guilty by reason of insanity. Do you wish to withdraw your plea of not guilty and not guilty by reason of insanity?

"A. Yes, sir.

"THE COURT: You are now charged with rape. How do you plead?

"A. Guilty.

"THE COURT: And are you pleading guilty because you, in fact, are guilty?

"A. Yes, sir.

"THE COURT: Do you have anything to say as to why the Court at this time should not impose sentence?

"A. No, sir.

"THE COURT: It is the judgment and sentence of this Court that you be imprisoned in the penitentiary for a term of life. However, on recommendation of the District Attorney, I am going to run this case concurrently with case no. 27990.

"THE COURT: All right. Alvin White, under case no. 27993 you are charged with the offense of rape to which you entered a plea of not guilty and not guilty by reason of insanity. Do you wish to withdraw or take back your plea of not guilty and not guilty by reason of insanity?

"A. Yes, sir.
"THE COURT: You are now charged with rape. How do you plead?

"A. Guilty.

"THE COURT: And are you pleading guilty because you, in fact, are guilty?

"A. Yes, sir.

"THE COURT: Do you have anything to say as to why the Court at this time should not impose sentence?
"A. No, sir.

"THE COURT: It is the judgment and sentence of this Court that you be imprisoned in the penitentiary for a term of life. However, on recommendation of the District Attorney, I am going to run this case concurrently with case no. 27990."

As stated in Bradley v. State, 53 Ala. App. 483, 301 So.2d 247 (Alabama Criminal Appeals, 1974), the colloquy in the instant record is in nowise distinguishable from that found in Twyman v. State, 300 So.2d 124 (1974).

While the aforequoted colloquy does not mention the range of punishment, the Ireland form (released Ireland, 47 Ala.App. 65, 250 So.2d 602) used by the trial court, which is signed and filed of record in the trial court, does show that appellant was apprised of what the minimum and maximum sentences were. Carter v. State, 291 Ala. 83, 277 So.2d 896, presents no problem.

Accordingly, on authority of *Twyman,* supra, the judgments are affirmed.

Affirmed.

All the Judges concur.