323 So.2d 730

**Doyle BLAND**

v.

**STATE.**

**3 Div. 401.**

Court of Criminal Appeals of Alabama.

Dec. 16, 1975.

Carl O. Pilgrim, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and C. Lawson Little, Asst. Atty. Gen., for the State.

BOOKOUT, Judge.

Possession of heroin; guilty plea; sentence: two and one-half years imprisonment.

On February 28, 1974, the appellant executed "Exhibit A," a form detailing all the rights enunciated in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), commonly referred to as an *Ireland* form. (*Ireland v. State*, 47 Ala.App. 65, 250 So.2d 602). The appellant, his attorney and the circuit judge all signed the form, acknowledging that the appellant understood the rights enumerated therein and voluntarily entered a plea of guilty.

A minute entry in the record, dated the same date, recited that before the trial judge accepted the guilty plea, he ascertained that the plea was, "intelligently and

**548**

voluntarily made and also that the defendant understood (1) the privilege against self incrimination, (2) the right to a trial by jury, (3) the right to be confronted by his accusers, (4) that he fully understood what the plea connoted, including the nature of the charge and acts sufficient to constitute the offense, and (5) the consequences of the plea, including the range of the sentence, and being satisfied that the foregoing was fully and intelligently understood by the defendant and that his plea of guilty was freely and voluntarily made, the Court proceeded with the hearing."

By separate order that date, the case was continued and the court committed the appellant to the Alabama State Hospital, Drug Treatment Center, in Tuscaloosa, as a drug addict. On January 15, 1975, the appellant, with counsel, appeared in court for sentencing and punishment was fixed at a penitentiary term of two and one-half years.

Appellant seeks a reversal for failure of the record to show a colloquy between the trial judge and the appellant before the court reporter.

The Alabama Supreme Court has held a guilty plea to be intelligently and voluntarily entered where the same type form as executed herein (Exhibit A) is executed and signed by a defendant and acknowledged by the signatures of the defense counsel and circuit judge, *provided* there is other evidence in the record supporting that fact. That showing may be made by a recitation in the judgment entry and in such case, a verbatim colloquy recorded by a court reporter is not required. *Twyman v. State,* 293 Ala. 75, 300 So.2d 124 (1974).

The facts of the instant case fall squarely within the purview of *Twyman, supra,* and thus we hold that the record adequately sustains the guilty plea as having been intelligently and voluntarily entered by the appellant.

Affirmed.

All the Judges concur.