LEIGH M. CLARK, Supernumerary Circuit Judge.
Appellant was charged in a two-count indictment with burglary in the second degree and grand larceny. At first he interposed a plea of not guilty and a plea of not guilty by reason of insanity. Thereafter he withdrew such pleas and pleaded guilty.
The only contention made on appeal is that the failure of the record to show that there was a colloquy between the trial judge and appellant requires a reversal of the judgment, that such a record of the judgment does not meet the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), vitiating judgments based on pleas of guilty absent a sufficient showing by the record that they were intelligently and voluntarily made.
The contention of appellant is answered adversely to appellant in Bland v. State, 56 Ala.App. 547, 323 So.2d 730, in which it was held that a defendant is not entitled to a reversal for failure of the record to show a colloquy between the trial judge and defendant before a court reporter, where the record otherwise shows that a guilty plea has been intelligently and voluntarily entered. '
As in Bland, the record before us shows the execution of an Ireland form. Ireland v. State, 47 Ala.App. 65, 250 So.2d 602. The record here also contains a minute entry that is substantially, and almost word for word, in the language of the minute entry in Bland. In accordance therewith, the judgment should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.