BOOKOUT, Judge.
On guilty pleas, appellant was sentenced to five concurrent terms of twenty years imprisonment on five robbery indictments.
Each judgment entry makes the finding that:
“ . . (1) the defendant understands his constitutional rights and the nature of the crime charged in this indictment, and the consequences of his guilty plea, and (2) the defendant understandingly and voluntarily waives his constitutional rights and pleads guilty.”
There is no colloquy between the trial judge and the appellant anywhere in the record. There is an Ireland form (Ireland v. State, 47 Ala.App. 65, 250 So.2d 602) executed by the appellant and witnessed by his attorney.
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) requires that the record must clearly show that the appellant intelligently and voluntarily entered the guilty plea and that he understood certain rights, enumerated therein.
While a colloquy between the trial court and the appellant is definitely preferable, Twyman v. State, 293 Ala. 75, 300 So.2d 124 (1974) allows the trial court to accept a guilty plea without a colloquy provided certain standards are met. In Twyman, our Supreme Court found that:
“The trial judge, the defendant, and defendant’s attorney all attest over their respective signatures that the matters and things stated in ‘Court’s Exhibit A’ were read by defendant or read to defendant. Defendant acknowledges that this was done and that he understands those matters and things.
*1089 . . There is no rule of law that requires or even suggests that it must be presumed that the trial judge, the defendant, defendant’s attorney, or the judgment entry do not speak the truth. The judgment is not contradicted by the instant record . . . .”
In Starks v. State, 56 Ala.App. 552, 323 So.2d 735 (1975) this Court upheld the acceptance of a guilty plea without a full colloquy, transcribed by the court reporter and entered in the record, where: (1) an Ireland form had been executed by the defendant and attested by his attorney, the circuit judge and the circuit clerk, (2) the judgment entry recited that before accepting the guilty plea, the trial court ascertained that the plea was intelligently and voluntarily made and that the appellant understood his Boykin rights which the judgment entry specifically enumerated, and (3) a short court reporter’s transcript showed that the trial court asked the appellant if he had read the Ireland form or had it read to him, and the defendant answered in the affirmative.
In Bland v. State, 56 Ala.App. 547, 323 So.2d 730 (1975) this Court affirmed the conviction of Bland on a guilty plea where there was no colloquy at all recited in the record. However, in Bland, a complete Ireland form had been executed by the defendant and attested by his attorney and the circuit judge acknowledging that the defendant understood the rights enumerated therein and voluntarily entered a plea of guilty.
Likewise, in Bland, the judgment entry in the record recited that before the trial judge accepted the guilty plea, he ascertained that the plea was, “intelligently and voluntarily made and also that the defendant understood (1) the privilege against self-incrimination, (2) the right to a trial by jury, (3) the right to be confronted by his accusers, (4) that he fully understood what the plea connoted, including the nature of the charge and acts sufficient to constitute the offense, and (5) the consequences of the plea, including the range of the sentence, and being satisfied that the foregoing was fully and intelligently understood by the defendant and that his plea of guilty was freely and voluntarily made, the Court proceeded with the hearing.”
There, we held that a plea of guilty may be accepted as intelligently and voluntarily entered where a complete Ireland form was executed and signed by a defendant and acknowledged by the signatures of the defense counsel and the circuit judge, provided there is other evidence in the record supporting that fact. That showing may be made by a recitation in the judgment entry and in such case, a verbatim colloquy recorded by a court reporter is not required. Twyman, supra.
In the instant case, the judgment entries are not as complete as those in Bland and Starks, supra, in that there is no enumeration of the specific Boykin rights. The issue now before us is whether the “bob-tailed” recitation in the judgment entries, quoted at the beginning of this opinion, are sufficient, when coupled with an Ireland form, to support a guilty plea pursuant to Boykin and Twyman. While we express serious doubt, we nevertheless are constrained to hold that the abbreviated recitation in the instant judgment entries is in compliance with the requirements of Twy-man. But barely so. This, because Twy-man does not specially require that the judgment entry recite a detailed enumeration of the rights understood and waived by a defendant.
While we affirm, in the instant eases, this opinion should not be construed by the trial courts as leave to continually whittle away at the requirements of Boykin as construed in Twyman. We believe the judgment entry should be at least as detailed as those set out in Bland and Starks, supra. In this regard, we call to the attention of the trial court the admonition of Chief Justice Hef-lin, dissenting in Twyman, concerning the use of written forms in connection with accepting guilty pleas:
“. . . There is a danger that the use of such can become so commonplace and perfunctory that they fail to serve the purpose for which they are intended. *1090 Steps should be taken to guard against such use. I am of the opinion that when written instruments are used it is incumbent upon the trial court to ascertain that the defendant has read said instruments, or has had said instruments read to him, and that he fully understands that he has executed such a document. I think it is further incumbent upon the judge to ascertain whether or not the defendant can read or write. In my opinion, the colloquy to ascertain all of this should appear in the record of the case in order that an appellate court can be convinced that there was not just a perfunctory use of written documents.”
AFFIRMED.
All the Judges concur.