In November of 1976, the Grand Jury of Montgomery County returned two indictments against Herman Davis, the appellant. The first indictment charged Davis with the robbery of Santiago Saez and involved $59.00. This charge involved the robbery a "7-11 Store". A second indictment charged Davis with robbing Melvin Waldrop and involved a sum of $5.00.
Davis was denied treatment under the Youthful Offender Act on both charges, and he pled not guilty and not guilty by reason of insanity to each. Each case was set for trial on a different date.
On January 10, 1976, the date the first indictment was set for trial, Davis withdrew his pleas of not guilty and entered a plea of guilty to the Saez indictment. An "Ireland form"(Ireland v. State, 47 Ala. App. 65, 250 So.2d 602) was executed this same date detailing all the rights enunciated in Boykin v.Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The trial court made a factual inquiry to determine if the plea was voluntarily made with an understanding of the nature of the charge and the consequences of the plea. The colloquy between the trial judge and Davis, which appears in this record, adduced a few facts concerning the robbery of a "7-11 Store". This is the robbery involved in the Saez indictment. The court continued this case until January 31, 1976 for "sentencing and probation determination".
At arraignment, the second (Waldrop) indictment was set for January 24, 1977. Davis executed an "Ireland" form on this date. However, there is no colloquy reported. The only evidence we have as to what transpired at the hearing held on January 24, 1976, is contained in the "minute entry" which recites that:
 ". . . before accepting the defendant's plea of guilt the Court proceeded to *Page 846 
ascertain that the plea of guilty was intelligently and voluntarily made and also that the defendant understood (1) the privilege against self incrimination, (2) the right to a trial by jury, (3) the right to be confronted by his accusers, (4) that he fully understood what the plea connoted, including the nature of the charge and acts sufficient to constitute the offense, and (5) the consequences of the plea, including the range of the sentence, and being satisfied that the foregoing was fully and intelligently understood by the defendant and that his plea of guilty was freely and voluntarily made, the Court proceeded with the hearing."
The trial court continued this case to January 31, 1977, "for sentencing and probation determination". This is identical to the minute entry for the hearing held on January 10th involving the Saez indictment.
At the sentencing and probation hearing held on January 31, 1977, the appellant was denied probation and was sentenced to ten years imprisonment in each case.
 I
Initially the appellant contends that "the official record of his appeal fails to show conclusively that the appellant was arraigned". However the "minute" or "judgment" entry affirmatively shows that the appellant was arraigned on December 3, 1976, on both indictments and entered pleas of not guilty and not guilty by reason of insanity to each.
While the appellant contends that the minute entry is hearsay and merely a clerical function, it is well settled that the recitals in the judgment import absolute verity, unless contradicted by other portions of the record. Twyman v. State,293 Ala. 75, 300 So.2d 124 (1974); Jones v. State, 57 Ala. App. 419, 329 So.2d 108 (1976); Keeton v. State, 280 Ala. 140,190 So.2d 694, cert. denied, 388 U.S. 914, 87 S.Ct. 2123,18 L.Ed.2d 1354 (1966). In the instant record there is nothing to contradict the judgment.
 II
The appellant maintains that there is nothing in the record to indicate that he pled guilty to the Waldrop indictment and seeks a reversal for failure of the record to show a colloquy between the trial judge and the appellant.
The record contains the standard "Ireland" form, executed by the appellant, witnessed by his attorney, and signed by the trial judge and the circuit clerk. In addition there is the minute entry evidencing the appellant's plea of guilty to the Waldrop indictment. We have previously referred to and quoted the pertinent portion of this entry.
In a plea of guilty proceeding the judge should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea, and the judge should be satisfied that there is a factual basis for the plea. Before Twyman v.State, 293 Ala. 75, 300 So.2d 124 (1974) it was required that the record affirmatively show the colloquy between the court and the defendant wherein the defendant is shown to have a full understanding of what the plea of guilty connotes and its consequences. Walcott v. State, 288 Ala. 546, 263 So.2d 178
(1972); Cooper v. State, 53 Ala. App. 36, 297 So.2d 169 (1973);Allen v. State, 50 Ala. App. 310, 278 So.2d 758 (1973). However in Twyman, the Alabama Supreme Court held a guilty plea to be intelligently and voluntarily entered where the same type form as executed herein (the Ireland form) is executed and signed by a defendant and acknowledged by the signatures of the defense counsel and circuit judge, provided there is other evidence in the record supporting that fact. In Bland v. State, 56 Ala. App. 547, 323 So.2d 730 (1975) this court held that:
 "That showing may be made by a recitation in the judgment entry and in such case, a verbatim colloquy recorded by a court reporter is not required."
Under the authorities of Twyman and Bland, the appellant is not entitled to a reversal because of the failure of the record to show the colloquy between the trial *Page 847 
judge and the defendant before the court reporter where there is other evidence in the record, as here, showing the plea was intelligently and voluntarily entered.
 III
The appellant asserts, as his third argument for reversal, that the guilty plea to the Waldrop indictment is void because the trial judge did not determine a factual basis for the plea.
From the record we are apprised of none of the facts surrounding the robbery of Melvin Waldrop. However, the minute entry recites that before accepting the guilty plea the trial judge determined the defendant fully understood:
 "What the plea connoted, including the nature of the charge and acts sufficient to constitute the offense, . . ."
Under the authorities previously recited this is sufficient to demonstrate that the trial judge properly determined the existence of a factual basis for the robbery before accepting the guilty plea of the appellant to the Waldrop indictment.Twyman, supra; Bland, supra.
 IV
Finally the appellant contends that the guilty pleas to both indictments were not intelligently entered because there is nothing in the record to show that he realized the consequences of his plea.
Both judgment entries indicate that the appellant fully understood the consequences of the pleas, "including the range of sentence". The Ireland forms informed the appellant of the range of punishment in each case of robbery. The appellant maintains that he did not waive his constitutional rights underBoykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274
(1969) because nothing was said about the sentences running concurrently or consecutively.
This issue has been previously considered by this court inBradley v. State, 53 Ala. App. 483, 301 So.2d 247 (1974). See also White v. State, 54 Ala. App. 27, 304 So.2d 268 (1974). The appellant was adequately apprised of what the minimum and maximum punishments were inasmuch as the Ireland form stated the range of punishment.
Title 45, Section 32, Code of Alabama 1940, provides that when a convict is sentenced to the penitentiary on two or more convictions, such sentences shall be served consecutively unless it is specifically ordered in the judgment entry that such sentences be served concurrently.
Under the authority of Bradley, supra, it is the opinion of this court that the argument of the appellant is without merit in this case.
We have examined the entire record as required and under the authorities cited above that record adequately sustains the guilty pleas as having been intelligently and voluntarily entered by the appellant.
AFFIRMED.
All Judges concur.