BOOKOUT, Judge.
This appeal concerns pleas of guilty by the appellant in four separate cases (all sentences running concurrently):
(1) robbery (CC-78-115); sentence: thirty-five years imprisonment.
(2) second degree forgery (CC-78-138); sentence: ten years imprisonment.
(3) second degree forgery (CC-78-139); sentence: ten years imprisonment.
(4) robbery (CC-78-181); sentence: thirty-five years imprisonment.
On April 17, 1978, appellant pled guilty to the first robbery case (CC-78-115). He executed an Ireland form [Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971)] detailing all the rights enunciated in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In addition to the Ireland form, there was an extensive colloquy between the trial judge, appellant, and appellant’s counsel concerning appellant’s decision to plead guilty. Boykin, supra. We find that appellant voluntarily and intelligently entered a plea of guilty in that robbery case (CC-78-115), and we hereby affirm that conviction.
On the date of sentencing of the first charge, May 3, 1978, appellant pled guilty to both second degree forgery cases (CC-78-138 and CC-78-139) and the other robbery case (CC-78 — 181). Nothing appears in the record to indicate that the appellant had his Boykin rights explained in the latter cases. The record shows no colloquy between the trial court and the appellant concerning the points required by Boykin, supra, neither do we find any Ireland *721 forms in the latter cases. Even the judgment entry fails to show that a Boykin colloquy was held in those cases. See: Bland v. State, 56 Ala.App. 547, 328 So.2d 730 (1975); Starks v. State, 56 Ala.App. 552, 323 So.2d 735 (1975).
For this reason, we are compelled to reverse and remand cases number CC-78-138 (second degree forgery), CC-78-139 (second degree forgery), and CC—78—181 (robbery). Easterling v. State, Ala.Cr.App., 352 So.2d 33 (1977); Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973); Walcott v. State, 288 Ala. 546, 263 So.2d 178 (1972).
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
All the Judges concur.