This is a consolidated appeal from a conviction and sentence on a plea of guilty in each of four cases against this appellant (defendant), designated in the trial court as 79-314, 79-315, 79-316 and 79-317. In the first case, defendant was charged in an indictment with the possession of marijuana; in the other three cases he was charged with the sale of marijuana.
At arraignment on January 2, 1980, defendant appeared with his retained attorney and entered a plea of not guilty in each case. When the cases were set for trial on March 5, 1980, he appeared with the same retained attorney and was allowed to withdraw his plea of not guilty and enter a guilty plea in each case. The cases were then passed for sentencing to April 1, 1980, at which time the same retained attorney appeared with and for him, and he was sentenced to imprisonment for two years in the case for possession of marijuana and three years in each of the three cases for a sale of marijuana, the sentences to run concurrently and consecutively in such a manner that the total time to be served was six years. Defendant's application for probation was denied. Within a few days thereafter, a motion for a new trial was filed by a retained attorney who had not theretofore appeared for him in the case, which motion was heard and denied on April 29, 1980. The attorney then appearing for defendant gave notice of an appeal, was appointed by the court as his attorney on appeal, and continues to appear for him on appeal.
The gist of the motion for a new trial and the testimony of the defendant on the hearing of the motion were to the effect that he had been caused to believe that the court would grant him probation if he would plead guilty. Although he related the cause of his belief to some extent to conversations with his previous attorney, he testified that his previous attorney didnot say that he "would definitely get probation."
The grounds asserted in the motion for a new trial and the evidence offered in support of the motion, which was adequately raised to include a request for setting aside the judgment of conviction and sentence in each case, were not sufficient to justify a favorable ruling on the motion. The apparent disappointment of defendant in the punishment imposed and the denial of probation is not challenged, but no one, including particularly the prosecution, the court, and defendant's attorney, can be blamed for such disappointment. The transcript of proceedings discloses that on the sentencing hearing defendant's attorney made a fervent appeal for leniency and probation and that the trial judge acted with commendable fairness, patience, and due regard for both the interest of the public and justice to defendant in his imposition of sentence in each case and his denial of the application for probation. The motion for a new trial was correctly overruled.
The main contention for a reversal is unrelated to grounds asserted in the motion for a new trial. It is directed to the action of the court on March 5, 1980, in permitting a withdrawal by defendant of his plea of not guilty, entering his plea of guilty and rendering judgment accordingly in each *Page 529 
case. The issue turns on whether the judgment was preceded or accompanied by sufficient oral or written communications between the trial judge and the defendant to meet the constitutional requirements of a judgment of conviction on the basis of a guilty plea, set forth in Boykin v. Alabama,395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and subsequent authoritative cases on the subject. We think it unnecessary to attempt a review of the endless train of cases led by Boykin, and we limit our consideration to those which aid in a determination of the precise issue presented in the instant case.
The parties seem to agree that the major issue between them is controlled by the following:
 "In a plea of guilty proceeding the judge should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea, and the judge should be satisfied that there is a factual basis for the plea. . . . (Emphasis supplied)." Davis v. State, Ala.Cr.App., 348 So.2d 844, 846, cert. denied, 348 So.2d 847 (1977)
Appellant says that the record in the case sub judice does not show compliance with the underscored requirement set forth inDavis. Appellee argues to the contrary.
It is made clear in Davis, supra, that prior to Twyman v.State, 293 Ala. 75, 300 So.2d 124 (1974), we held the record must affirmatively show a colloquy between the court and the defendant, but that in Twyman and thereafter it is held that the showing of a colloquy is not necessary where the required contents of a colloquy are otherwise shown as a matter of record, and that they can be so shown by execution and acknowledgment of the execution of the "Ireland" form (Irelandv. State, 47 Ala. App. 65, 250 So.2d 602) or by a recitation in the judgment of the contents of such a colloquy. See also Blandv. State, 56 Ala. App. 547, 328 So.2d 730 (1975).
In Davis, supra, and in Bland, supra, there was no colloquy, but there was an executed and acknowledged "Ireland form." In the instant case, there is no "Ireland form" or the like. The only colloquy between the court and defendant, as shown by the record or transcript of the proceedings before the court permitting a withdrawal of the pleas of not guilty and accepting the pleas of guilty, was as follows:
 "MR. BECK [Defendant's attorney]: You know what these indictments said, don't you?
"THE DEFENDANT: Yes, sir.
"MR. BECK: You don't have to have them read to you?
"THE DEFENDANT: No.
"COURT: Has he been arraigned?
"MR. BECK: He has been arraigned on all of them.
"COURT: He has been arraigned on all of them?
 "MR. BECK: I think he has, Judge, on all four of them.
 "COURT: Yes, sir. Mr. Dingler, sometime ago you were arraigned, and at that time the indictments were read to you and you said you wanted to plead, and did plead, not guilty. What do you want to do now?
"THE DEFENDANT: Plead guilty.
 "THE COURT: Let me tell you, Mr. Dingler, you know you could plead not guilty and be tried by a jury.
"THE DEFENDANT: Yes.
 "COURT: The State would have to prove you guilty, and you could see the witnesses and hear them testify. You could cross-examine them. You could take the stand in your own behalf if you wanted to. Now, you are charged with one, two, three, four-four cases. They are CC-79-314, 315, 316 and 317. You are charged with possession of marijuana once and with the sale of marijuana three times. Each of these charges carries punishment of a fine and also imprisonment. You could be fined up to $25,000 in each case. You could be sentenced to a term in the penitentiary in each case for a term of not less than two years, nor more than fifteen years. Knowing the punishment you could receive, knowing the rights *Page 530 
that you give up, do you still want to plead guilty?
"THE DEFENDANT: Yes, sir.
 "COURT: All right. I will accept your plea, but I think that I will defer sentencing until such time as I can get a pre-sentence report.
". . ."
In the "Judgment Entry" in the consolidated cases, there is the following sentence, inter alia:
 "The Court determined that there was a basis of fact for the defendant's pleas of guilty and that such plea was made voluntarily, intelligently and with understanding waiver of his rights and without coercion."
Appellee relies upon the above-quoted entry in the "Judgment Entry" in arguing that "there was a basis of fact for the defendant's pleas of guilty," and relies upon Davis v. State,supra, and United States v. King, 604 F.2d 411 (5th Cir. 1979) for authority. In Davis, the "factual basis for the plea" is to be found in the Ireland form, wherein defendant acknowledged by his signature:
 "Defendant further states to the Court that he is guilty as charged, in this case, and desires to plead guilty."
See Appendix in Ireland v. State, at 250 So.2d 604. The statement relied upon by appellee that is found in UnitedStates v. King, supra, to the effect, as stated by appellee herein, "The trial judge must make his determination based upon all the information at his disposal" is not to be construed as meaning that a conclusion stated in a judgment entry as to the effect of information made known to the trial court is controlling in the absence of a showing of some kind in the record proper, or in the transcript of the proceedings, to the effect that the trial court obtained the factual information upon which the conclusion was based. For instance, the quoted sentence in the "Judgment Entry" is not the equivalent of an entry therein that defendant stated or acknowledged to thecourt that he was guilty of the crime charged.
Notwithstanding our appreciation of the overall splendid handling by the learned trial judge of the monstrous Hydra-headed problem (4/9 thereof to be exact) presented by these consolidated cases and of the fidelity of all attorneys involved, we must conclude that the judgment in each case is to be reversed and the cause remanded.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment in each of subject cases is reversed and the cause remanded.
REVERSED AND REMANDED.
TYSON, BOOKOUT and BOWEN, JJ., concur.
DeCARLO, J., concurs in result.
HARRIS, P.J., not sitting.