DeCARLO, Judge.
Robbery; 45 years.
This is an appeal by an indigent from a conviction for robbery that resulted from his plea of guilty to the charge.
The record contains “Court Exhibit ‘A’ ” which is a form (Ireland) that outlines the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. The form was signed by appellant and his attorney and indicated that the matters contained in the form had been read by appellant, or had been read to him. Further, it indicated that he understood those matters, that he was not induced to plead guilty, that he was in fact guilty as charged.
The record shows a “canvassing” of those rights the appellant would be relinquishing by his guilty plea. See Boykin v. Alabama, supra. Also, there is a judgment entry indicating compliance with Boykin v. Alabama.
I
The appellant complains that his guilty plea was neither voluntary nor intelligently and knowingly made. It is argued that the appellant was not adequately informed of the possible maximum punishment that he could receive. Further, he contends that he did not understand the “criminal system” and was confused as to his guilt.
From the record:
“THE COURT: To the offense of robbery as set forth in the indictment, how do you plead?
“MR. BROWNING: I plead guilty, sir.
“THE COURT: Why do you say you are guilty?
“MR. BROWNING: Well, Your Honor, let me just be honest, I’m not guilty of the robbery, but I have these other cases against me, and it’s due' to the fact that my wife is the one that had me arrested for an offense that I’m not guilty of. I am guilty of the other.
“THE COURT: You are guilty of these other offenses but not this one?
“MR. BROWNING: Yes, sir.
“THE COURT: Well, I wouldn’t accept your plea, Mr. Browning, in a case that you are not guilty of, so we will do away with the robbery and let you enter pleas in the other cases if that’s what you are guilty of.
“MR. BROWNING: Well, sir, I have no other choice but to plead guilty.
“THE COURT: You can plead not guilty. You can’t stand there and tell me you are not guilty and ask me to accept a plea of guilty. If you didn’t commit the offense, I’m not going to do that.
“MR. BROWNING: Accept my plea of guilty.
“THE COURT: Not unless you are guilty.
“MR. BROWNING: I’m guilty.
“THE COURT: Well, which am I supposed to believe, that you are or that you are not, in the last 30 seconds I got two different answers to the same question?
“MR. BROWNING: I am guilty.
“THE COURT: Of doing what?
“MR. BROWNING: Of robbery.
“THE COURT: What did you do?
“MR. BROWNING: Robbed a grocery store out on Triana Boulevard.
“THE COURT: How did you do that?
“MR. BROWNING: Just walked in and robbed it.
“THE COURT: Just walked in and robbed it?
“MR. BROWNING: Yes, sir.
“THE COURT: What was the name of the store?
“MR. BROWNING: The Town and Food.
“THE COURT: Did you know the people?
“MR. BROWNING: No, sir, I have done a lot of business there, I didn’t know them personally, but that’s where we do most of our business.
“THE COURT: And how did you disguise yourself, if you did?
“MR. BROWNING: With a pillowcase.
“THE COURT: And what did you use to put fear in the people that you were robbing?
“MR. BROWNING: I had a pellet gun.
*255 “THE COURT: A pellet gun?
“MR. BROWNING: Yes, sir.
“THE COURT: And was it a man or woman?
“MR. BROWNING: It was two women in there, sir.
“THE COURT: Two women?
“MR. BROWNING: Yes, sir.
“THE COURT: Do you know Sabrina Birchfield?
“MR. BROWNING: No sir, not by name, I know her if I see her.
“THE COURT: You know her if you see her? Did you rob her?
“MR. BROWNING: No, sir, I believe it was the other lady that I robbed.
“THE COURT: Mae Chenault?
“MR. BROWNING: Yes, sir, I believe that was the lady.
“THE COURT: Mr. Morgan, is that consistent with your understanding of the facts?
“MR. TIM MORGAN: Yes, Your Honor.
“MR. BROWNING: Sir, I’m just a little confused and scared to death, that’s the reason I don’t know how to answer some of these questions.”
Basically, when a defendant knowingly, voluntarily and understandingly enters a guilty plea after being informed of his rights, his conviction pursuant to the guilty plea is not improper. Twyman v. State, 53 Ala.App. 351, 300 So.2d 124. Also, a guilty plea that is voluntarily and understandingly made waives all non jurisdictional defects. Knowles v. State, 280 Ala. 406, 194 So.2d 562. See Askew v. State of Alabama, 5th Cir., 398 F.2d 825; U. S. v. McCoy, 477 F.2d 550.
The record in the present case shows that the appellant was fully informed of his rights as per Boykin v. Alabama, supra, through the “Court’s Exhibit A” (Ireland form) and the court’s questions. The record does indicate, however, that during his statements concerning the rights the appellant would forego, the trial judge failed to mention the maximum sentence in a conviction for robbery. Although this fact was not mentioned in the court’s statement to the appellant, it was made known to the appellant in “Court Exhibit A,” which he and his attorney signed. Not only did the appellant acknowledge, by his signature on the Ireland form, that he had read and understood “Court Exhibit A,” but, the record also indicates that, during the questioning by the trial judge, the appellant informed the court that he had read and understood the “Court’s Exhibit A.” The first paragraph of that exhibit showed, in large hand-written letters, the range of punishment for robbery. Starks v. State, 56 Ala.App. 552, 323 So.2d 735; White v. State, 54 Ala.App. 27, 304 So.2d 268.
It was also clear to the appellant that no recommendation regarding sentence would be made by the prosecutor and that the court would take into account his prior criminal convictions. The court informed the appellant that it would not only consider the sentences of other courts, but would also weigh prior sentences of that court.
After considering all the circumstances surrounding the appellant’s guilty plea, it is our judgment that the trial court was correct in determining that the plea was voluntarily, knowingly and intelligently made. As shown by the foregoing record, the appellant was no stranger to the criminal process, and his guilty plea was properly accepted.
Although no motion was made to withdraw the plea and it is our judgment that the trial court did not improperly conduct these proceedings, we believe that, once the appellant displayed some reluctance in admitting his guilt, the best procedure would have been for the trial court to have refused to take his plea at that time.
II
The appellant asserts that the failure to afford him a preliminary hearing prevented him from being adequately informed of the charges against him and this rendered his plea of guilty involuntary.
It is well settled that a plea voluntarily and understandingly made, which is conclu *256 sive as to the accused’s guilt, waives all nonjurisdictional defects of prior proceedings against him. See Knowles v. State, supra.
We have determined that appellant’s guilty plea was voluntarily and understandingly made. Therefore, it is our judgment that appellant has waived the right to assert that the denial of a preliminary hearing was a defect in the proceedings against him.
The judgment of conviction by the Madison Circuit Court is hereby affirmed.
AFFIRMED.
All the Judges concur.