O.J. Browning filed a petition for writ of error coram nobis in the Madison Circuit Court alleging that there was an enforceable plea bargain agreement which was not honored on his guilty plea to a robbery charge and that he was denied effective assistance of counsel when he pled guilty. Following a hearing, the trial judge denied the petition; hence, this appeal.
During the hearing on the petition for writ of error coram nobis, the petitioner stated that a few months before he pled guilty to the robbery charge, his attorney, Larry Morgan, informed him that the district attorney's office had offered to recommend a ten year sentence on the robbery charge and nol pros two other charges against him. The petitioner told Morgan that he wished to accept this plea bargain arrangement.
On June 23, 1980, the day his case was to be called for trial, the petitioner waited at home to receive the call from Morgan to come to court. He had a few drinks at home and then at 1:15 the petitioner went to Dee's Lounge and had a few more drinks. Morgan called the petitioner at 3:20 and told him to come to court. The petitioner arrived at the courthouse at 5:30 intending to plead guilty. Morgan informed the trial judge that the petitioner was intoxicated and that they could not have a trial that afternoon.
The next morning the petitioner was informed that the plea bargain agreement had been withdrawn. The petitioner stated he wanted to go to trial, but since he did not see any of his witnesses in the courtroom and he knew his wife was going to testify against him, he pled guilty to the robbery charge. The petitioner signed an Ireland form [Ireland v. State]47 Ala. App. 65, 250 So.2d 602 (1971), and stated at the hearing that he understood his rights when he pled guilty. The petitioner received a 45 year sentence following his guilty plea. 397 So.2d 253 (Ala.Crim.App. 1981).
The petitioner said that Morgan discussed with him the possibility of filing a motion to withdraw his plea, but he decided against it because he thought he might receive more time if he went to trial.
Larry Morgan stated that he informed the petitioner that the district attorney had offered to give the petitioner 20 years on the robbery charge or 10 years each on the robbery charge and another charge (to be served consecutively) in return for a guilty plea. The petitioner told Morgan he would only accept 10 years. Since there was no agreement, Morgan was prepared to go to trial on June 23, 1980.
On the next day the petitioner asked Morgan if he thought the judge would give him 10 years if he pled guilty. Morgan replied that he did not think the judge would give him 10 years in light of the petitioner's numerous prior convictions. The petitioner informed Morgan he wished to plead guilty anyway.
Tim Morgan, the prosecutor and Larry Morgan's brother, stated he did not have any recollection of any plea bargain arrangement.
 I
The petitioner's allegation that there was an enforceable plea bargain agreement, which should have been brought to the attention of the trial court, is without merit.
Even though the petitioner claims that there was a plea bargain agreement, both the petitioner's attorney and the prosecutor *Page 1210 
deny that any such agreement ever existed. Furthermore, during the hearing on the petition, the following was read from the trial transcript:
 "Q. Let me show you here the record; `Mr. Browning: There was no promise made, no sir, however, there was at one time — I believe Mr. Morgan said the prosecutor would make a recommendation for me of a ten year sentence.
 `THE COURT: Do you understand that to be the State's position at this point, that the State is going to make that recommendation, or what is your understanding?
 `Mr. Browning: No, sir, this morning he wasn't going to make any recommendation.
 `The Court: So if the State ever made any offer to make any recommendation as to sentencing, that has been withdrawn as you understand it?
`MR. BROWNING: Yes, sir'" (RT-36).
It is clear from the petitioner's testimony at trial that he pled guilty knowingly, intelligently and voluntarily.
The petitioner executed an Ireland form which was explained to him and he stated he voluntarily pled guilty, knowing that the State would not recommend a 10 year sentence. The record does not support the petitioner's claim that there was an enforceable plea bargain agreement at the time of his guilty plea. Roberson v. State, 441 So.2d 1067 (Ala.Crim.App. 1983) and authorities therein cited.
 II
The second contention the petitioner makes is that he was denied effective assistance of counsel. He claims that his attorney, Larry Morgan, failed to tell him that the prosecutor, Tim Morgan, was his brother. The record does not support this contention. Larry Morgan mailed a letter to the petitioner, at the address given him by petitioner, telling him that Tim Morgan was his brother. The letter was never returned. Larry Morgan stated at the hearing that he and the petitioner discussed this issue on other occasions and that the petitioner felt he would get a "better deal" since the prosecutor was his attorney's brother.
Furthermore, the petitioner claims that he was denied effective assistance of counsel because he was forced to plead guilty because his attorney was not prepared for trial on the day of his guilty plea.
Larry Morgan stated at the hearing that he had no indication that the petitioner was going to plead guilty, so he was prepared for trial. He had subpoenaed the witnesses that the petitioner had requested, prepared his defense, and he was ready to go to trial.
There is nothing in the record to indicate that the petitioner's counsel was inadequate in a legal sense. Morgan was prepared for trial and advised his client against pleading guilty. Moreover, Morgan discussed the possibility of filing a motion to withdraw the plea with the petitioner, but the petitioner himself decided not to take this action.
Therefore, the petitioner has failed to prove that he was denied effective assistance of counsel or that he was prejudiced by his attorney's inadequate performance. Stricklandv. Washington, ___ U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674;Duncan v. State, 461 So.2d 906 (Ala.Crim.App. 1984); Daniel v.State, 459 So.2d 948 (Ala. 1984); Haynes v. State,461 So.2d 869 (Ala.Crim.App. 1984).
For the reasons herein stated, this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 1211