McMILLAN, Judge.
This appeal follows a conviction, pursuant to a guilty plea, for the offense of theft of property in the second degree, in violation of § 13A-8-4, Code of Alabama (1975). The appellant was sentenced to a term of ten years' imprisonment as a habitual offender. Because the trial court did not correctly inform the appellant of the permissible range of punishment prior to the acceptance of the plea, we reverse and remand.
The appellant was indicted for the offense of second degree theft of property and initially entered a plea of not guilty. On August 7, 1985, the State of Alabama filed its notice of intent to proceed under the provisions of the Alabama Habitual Felony Offender Act, in the event that a conviction was obtained. On August 9, 1985, the appellant withdrew her plea of not guilty and requested that the trial court allow her to plead guilty to the charge of second degree theft.[1]
On August 9, 1985, the trial court examined the appellant to determine whether she was “freely and voluntarily” entering her plea of guilty. At that time, the trial court informed the appellant that the permissible range of punishment for the offense would be a term of imprisonment “for not less than one nor more than ten years.” This range of punishment is also reflected in the Ireland[2] form which the appellant executed on that date. After accepting the guilty plea, sentencing was scheduled for a separate date. At the sentencing hearing, the State introduced evidence of two prior felony convictions for grand larceny. The trial court sentenced the appellant to a term of ten years’ imprisonment, the minimum sentence under the Alabama Habitual Felony Offender Act.
The sole issue presented by this appeal concerns the failure of the trial court to inform the appellant of the maximum sentence she could receive as a result of her guilty plea, due to the application of the Habitual Felony Offender Act. The appellant argues that her plea was not “knowingly and voluntarily entered because she was “not informed of the maximum sentence she would be called upon to serve.”
*1253 As this court has repeatedly stated, an accused must be “informed of the minimum and maximum possible sentence for his offense as an absolute constitutional prerequisite to acceptance of a guilty plea.” Miliner v. State, 414 So.2d 133, 134 (Ala.Cr.App.1981). As this court, per Judge Sam Taylor, stated in Pratte v. State, 448 So.2d 502, 504 (Ala.Cr.App.1984):
“Since knowledge of the range of possible penalties plays an important part in an accused’s decision whether or not to plead guilty, the maximum and minimum sentences should be treated with reasonable precision.”
Because the trial court failed to properly advise the appellant of the proper maximum and minimum sentences which she could receive as a habitual offender, this cause is reversed and remanded. Abbott v. State, 459 So.2d 995 (Ala.Cr.App.1984).
REVERSED AND REMANDED.
All the Judges concur.

. The record does not reflect, nor does the appellant assert, that any "plea bargain" agreement was negotiated with or obtained from the State prior to the appellant's request for leave to enter a guilty plea.

. Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971).