TAYLOR, Judge.
Darryl Burns petitioned for a writ of error coram nobis, after having pleaded guilty to charges of theft of property in the second degree, unlawful breaking and entering of a motor vehicle, and two counts of burglary in the third degree. The coram nobis petition was denied without a hearing.
In his petition, Burns makes allegations that the court failed to advise him of his rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), when taking the guilty plea. In the court record, however, are signed Ireland forms (Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971)) which supplement the colloquy.
However, Burns further avered that he was never advised of his right to appeal. The Ireland form does not make reference to the right to appeal his conviction after pleading guilty. Nowhere in the record is there any indication that the appellant was advised of his right to appeal.
“It is now established that a cognizable ground for a coram nobis petition is the allegation that the petitioner, through no fault of his own, was denied his right to a direct appeal of his conviction. E.g., Longmire v. State, 443 So.2d 1265 (Ala.1982); Rodgers v. State, 453 So.2d 769 (Ala.Cr.App.1984); Peterson v. State, 428 So.2d 201 (Ala.Cr.App.1983). Hence, [appellant] should have been afforded a hearing on the merits of his petition, since the petition made factual allegations which, if true, would entitle him to relief. See Whitson v. State, 435 So.2d 230 (Ala.Cr.App.1983); Ellison v. State, 406 So.2d 439 (Ala.Cr.App.1981).”
Woodruff v. State, 462 So.2d 1062 (Ala.Cr. App.1985).
The facts as set out in the petition must be taken as true when not denied by the state in an answer or return. Williams v. State, 461 So.2d 1339 (Ala. 1984). Burns’s claim is not rebutted by the state. Neither does the order dismissing the petition include a statement that the judge had personal knowledge of the sentencing hearing. Accordingly, this case must be remanded to the Circuit Court of Jefferson County, with directions to hold an evidentiary hearing on this petition for writ of error coram nobis, at which Burns is present and represented by counsel, and to submit findings of fact on return to this court.
REMANDED WITH DIRECTIONS.
All the Judges concur.
ON RETURN TO REMAND
TAYLOR, Presiding Judge.
At our direction, the Circuit Court for Jefferson County conducted a hearing on the question of whether the appellant, Darryl Burns, was advised of his right to appeal from convictions based on his guilty pleas. The court made a finding of fact that he was advised of his right to appeal. That finding is supported by evidence.
Appellant also contends that the sentencing court did not establish a factual basis for each of his pleas. We find that from the indictment itself, which had been read to the appellant, and from the Ireland form signed by him, a sufficient factual basis was established. Accordingly, this case is due to be, and it is hereby, affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.