JAMES H. FAULKNER, Retired Justice.
Timothy Ray King was charged in one indictment for the offenses of rape in the second degree, sexual abuse in the first degree, and sexual abuse in the second degree with respect to his 15-year-old stepdaughter. In a separate indictment, King was indicted for two counts of rape in the first degree and two counts of sexual abuse in the first degree with respect to his 10-year-old stepdaughter. Pursuant to two plea agreements, King entered guilty pleas to the reduced charges of sexual abuse in the first degree under each indictment and received concurrent sentences of two years’ imprisonment with respect to each guilty plea.
The sole issue raised on appeal is whether King’s guilty pleas were deficient because the record does not show that the elements of the charged offenses were explained to him or that he was advised that he could be convicted of lesser included offenses. We reverse because there was no showing that the guilty pleas were made voluntarily.
“It is an undisputed axiom that for a guilty plea to be held constitutional it must be made voluntarily and understandingly. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), developed the premise that before a guilty plea may be accepted by the trial court, the record must affirmatively reflect that the accused has a full understanding of what the plea implies and of its consequences. This procedure may be accomplished by an oral examination of the accused conducted by the trial judge. The trial judge is the medium in the best position to determine whether the accused possesses the requisite mental capacity to enter a guilty plea.”
Bender v. State, 455 So.2d 273, 274 (Ala. Cr.App.1984).
The colloquy between the court and King, as shown by the record, established that King fully understood the following rights: (1) his right against self-incrimination under the Fifth Amendment to the United States Constitution; (2) his right to trial by a jury of his peers; (3) his right to confront the witnesses against him; (4) his right to subpoena witnesses and present them in his own behalf; (5) his right to take the stand and offer testimony in his own behalf should he so desire; and (6) the range of punishment for the offense of sexual abuse in the first degree.
However, at no point during the judge’s colloquy did he ask whether he entered these guilty pleas of his own free will, voluntarily and under no threat, coercion, inducement, or promise of another.
“[T]he showing of a colloquy is not necessary where the required contents of a colloquy are otherwise shown as a matter of record, and ... they can be so shown by execution and acknowledgement of the execution of the ‘Ireland’ form (Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 [1971]) or by a recitation in the judgment of the contents of such a colloquy.”
Dingler v. State, 408 So.2d 527, 529 (Ala. Cr.App.1980), writ quashed as improvidently granted, 408 So.2d 530 (Ala. 1981).
In the instant case there is no “Ireland” form or the like. If King had signed an “Ireland” form, he would have adopted the following declaration:
*519 “Comes the defendant in the above-styled cause and states to the court that he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them, that is he not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead guilty. Defendant further states to the court that he is guilty as charged, in this case, and desires to plead guilty.”
Likewise, there is no recitation in the judgments or minute entries that King entered these guilty pleas voluntarily. Although the judgments and minute entries reflect that King was advised of his statutory and constitutional rights, such conclu-sory statements are not controlling in the absence of a showing of some kind in the record proper or in the transcript of the proceedings that the trial court determined that King entered these guilty pleas voluntarily. Dingler v. State, supra, 408 So.2d at 530.
We, therefore, hold that due to the absence of either (1) a colloquy wherein the court specifically asked King whether he entered the guilty pleas voluntarily; (2) duly executed “Ireland” forms containing the above described declarations; or (3) recitations in the judgments or minute entries that King entered the guilty pleas voluntarily, we reverse the judgments of the circuit court and remand these cases for further proceedings not inconsistent with this opinion.
The foregoing opinion was prepared by JAMES H. FAULKNER, Retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is adopted as that' of this court.
REVERSED AND REMANDED.
All the Judges concur.