TYSON, Judge.
Eugene Reeves filed a petition for writ of error coram nobis in circuit court challenging his convictions for first degree robbery and assault in the first degree. The trial court appointed counsel to represent him and conducted a full evidentiary hearing thereon. Following the hearing the trial court denied the petition but granted the appellant the right to appeal to this court and directed that a full transcript of the guilty plea proceeding and of the coram nobis hearing be included in this appeal.
The record in this cause discloses that the appellant originally was indicted on two indictments. One charged robbery in the first degree and the second charged assault in the first degree.
The appellant was represented in juvenile court by the Honorable Ron Hatcher. At that time he was certified by the juvenile court to circuit court to be tried as an adult. The Honorable Blanchard McCloud was then appointed and represented the appellant at arraignment wherein he entered a not guilty plea to the assault first degree and robbery first degree indictments.
Thereafter, negotiations were entered between counsel for the appellant and the district attorney’s office which resulted in the appellant being offered the opportunity to plead guilty to twenty years in each case, the two sentences to run concurrently-
The cause came on for hearing before Judge Edgar Russell and the record discloses a full Boykin v. Alabama colloquy showing that the appellant then withdrew his not guilty plea and entered a plea of guilty to each of these charges. There was a full explanation of the range of punishment showing that he was armed at the time of his assault on the victim and that he could receive a sentence of from two to twenty years on the assault charge or twenty years to life on the robbery charge. The appellant indicated that he understood this and that he was entering the plea of guilty of his own free will and without any threats, intimidation or coercion on the part *199 of anyone. The appellant had also previously executed an Ireland form showing full explanation of his rights under the opinion of the United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). See also Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973).
I
In the appellant’s petition for writ of error coram nobis he asserts that he was threatened or intimidated into pleading guilty by trial counsel, Mr. McCloud, and that he had been promised two ten-year sentences for his guilty plea rather than two twenty-year sentences to run concurrently.
The circuit court conducted a full hearing at which the appellant testified that he knew he had received two twenty-year sentences to run concurrently, but that he felt intimidated or afraid and that he thought that he was going to get two ten-year sentences.
When asked about his allegation that his counsel had refused to investigate the case the appellant testified that he could not at the moment recall anything that his attorney did not do. (R. 5).
The trial docket sheet showing the sentencing of the appellant with the two twenty-year sentences was then placed in evidence before the court.
Mr. McCloud testified that he had been appointed to represent the appellant and did so at arraignment and entered not guilty pleas in each case. He testified that, while the appellant was free on bond, appellant was caught in the Selma Honda Shop during the commission of a burglary and that a third charge had been placed against him. McCloud stated that the burglary case was settled on a one year sentence to run concurrently with the two twenty-year sentences for the robbery and assault in the first degree charges. He testified that the evidence against the appellant was that the victim had been struck with a soft drink bottle cutting her head and that she was severely beaten and that the appellant was armed with a .20 gauge sawed-off shotgun at the time of the robbery. All of this was explained to the appellant by Mr. McCloud and to the appellant’s mother.
The State also brought out at the hearing that there had been no agreement that the appellant was to receive ten year sentences. To the contrary, the record showed that, because the appellant was convicted on an armed robbery charge, the minimum would be twenty years on the first degree robbery.
The appellant in this cause executed an Ireland form (Ireland v. State, 47 Ala. App. 65, 250 So.2d 602 [1971]) which indicated that he fully understood his constitutional rights at the time of entering his guilty plea. Moreover, the record in this cause contains a full Boykin v. Alabama colloquy showing full explanation of appellant’s constitutional rights to him.
The record in this cause does not support the appellant’s claim that there was an enforceable plea bargain agreement at the time of his guilty plea or that he was to receive, in fact, two ten-year sentences as opposed to two twenty-year sentences. Browning v. State, 465 So.2d 1208 (Ala. Crim.App.1984), cert. denied (Ala.1985) and Roberson v. State, 441 So.2d 1067 (Ala.Crim.App.1983) and authorities therein cited.
II
The appellant contends that his attorney, the Honorable Blanchard McCloud, did not render the effective assistance of counsel as required by law.
The record in this cause does not sustain or support such an allegation. To the contrary, the record shows that the appellant received what might be termed a minimum sentence in light of the assault and robbery first degree charges pending against him plus the fact that he, while these charges were pending, was found in the Honda shop and caught red handed and charged with burglary.
*200 As herein noted the three cases were settled on a basis of two twenty-year sentences and a one year sentence, all of which were to run concurrently. The record also shows that this was fully explained to the appellant at the time he entered his initial guilty pleas. The appellant even wrote his counsel, Mr. McCloud, a letter dated January 4, 1984 which was placed in evidence at the coram nobis hearing.
“Jan. 4, 1984
Mr. Eugene Reeves
AIS-131799 6-Cell
P.O. Box 1107
Elmore, AL 36025-0276
“Dear Mr. McLeod:
“I know that this letter my seem strange, but now the reason for me writ-ting you is because I need some kind of health.
“Now I know that I have cause you a lot of trouble in the past which I’m sorry for doing it, but the reason for that was I thought I was being railroaded because I thought I knew a little about the law, until lately I found out that my cases were handle right. And now I’m asking you if you could help me out a little buy haveing some of this twenty years taken away, something like a time deduction. You see I now realize that I made a few mistakes but thats something that anyone could do, beside I have a family that I would like to be with and I’m sorry that it took something like this to make me realize this.
“So if theirs anything you could do to help please let me know.
“Sincerely:
“Eugene Reeves”
There is nothing in this record to indicate that appellant’s counsel was inadequate in a legal sense. Mr. McCloud was prepared for trial and advised his client that he had worked out settlement of the cases on the basis of two twenty-year sentences and a one-year sentence, the same to run concurrently. Moreover, this was gone over in open court before Judge Russell who then accepted the guilty plea and entered the sentences in question.
This record does not sustain, in any sense, the appellant’s claim of the alleged ineffective assistance of counsel. To the contrary, the record fully establishes that the Honorable Blanchard McCloud rendered consciencious, effective and capable legal service to this appellant.
The appellant has failed to prove that he was denied the effective assistance of counsel or that he was prejudiced in any manner by Mr. McCloud’s performance in his behalf. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Duncan v. State, 461 So.2d 906 (Ala.Crim.App.1984); Daniel v. State, 459 So.2d 948 (Ala.1984); Browning v. State, 465 So.2d 1208 (Ala.Crim.App.1984).
For the reasons herein stated this cause is due to be and the same is, hereby, affirmed.
AFFIRMED.
All the Judges concur.