EMBRY, Justice.
The writ of certiorari was issued in order to consider whether the Court of Criminal Appeals erred in finding that Anthony Paradise’s petition for writ of error coram nobis was properly denied by the trial court without a hearing. We reverse.
In August 1973, two Atmore Prison Farm inmates, Ollie Adams and John Wesley, were killed. On or about 15 September 1973, the grand jury returned an indictment against Paradise for the first degree murder of Ollie Adams. By separate indictment, the grand jury charged Paradise’s accomplice and codefendant, Issac Hood, with the first degree murder of John Wesley. Paradise and Hood had the same counsel appointed to represent them.
Following the arraignment of 10 October 1973, the State reduced the first degree murder charge against Paradise to second degree murder. According to Paradise, he pleaded guilty to the second degree murder charge pursuant to a plea bargain agreement with the State and upon advice of counsel who had informed him that Issac Hood, also pursuant to a plea bargaining agreement, would testify against him at trial.
In any event, the trial court sentenced Paradise to 20 years in prison. No appeal was taken.
On 22 February 1984, petitioner filed a pro se petition for writ of coram nobis, alleging that his Sixth Amendment right to effective assistance of counsel was violated. The writ was denied without a hearing by the trial court. Paradise appealed, and the Court of Criminal Appeals affirmed without opinion, 453 So.2d 9.
*949 Paradise’s Sixth Amendment claim is meritorious. Paradise asserts that his Sixth Amendment right to adequate counsel was denied when his appointed counsel represented him despite a conflict of interest because of counsel’s representation of Issac Hood. In order to show that a potential conflict of interest amounts to a constitutional violation, petitioner must show a conflict of interest which adversely affected his lawyer’s performance. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). Paradise attempts to meet this requirement through a sworn, verified, and notarized affidavit which states that his counsel advised him to plead to a lesser offense because otherwise Issac Hood would testify against him. The affidavit asserts further that petitioner’s counsel arranged Hood’s plea bargain, which included the requirement that Hood testify against Paradise in the event of a capital offense trial. If true, such a conflict would constitute a Sixth Amendment violation of due process. Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).
The record is devoid of any evidence which refutes Paradise’s claim, excluding a decree entered by the trial court that Paradise had pleaded guilty after having “his rights explained to him at length.” The Constitution does not require that every state court apprise codefendants of the right to conflict-free representation. Cuyler, supra. However, where an actual conflict of interest is involved which adversely affects defense counsel’s performance, a constitutional violation has occurred. Cuyler.
We hold that in view of petitioner’s undisputed allegations, an error coram no-bis hearing is warranted on the issue of whether Paradise was afforded conflict free representation. Accordingly, the judgment of the Court of Criminal Appeals is reversed and this case remanded to that court for action by it consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY, and ADAMS, JJ., concur.