This is an appeal from the denial of the petitioner's Rule 20 petition for post-conviction relief.
The petitioner, Danny Ray Williams, was convicted of capital murder, in violation of § 13A-5-31(a)(7)[1], Code ofAlabama 1975. He was sentenced to death.
Subsequently, this court issued an opinion affirming the petitioner's conviction and upholding his death sentence.Williams v. State, 461 So.2d 834 (Ala.Cr.App. 1983). The Alabama Supreme Court reversed and remanded the case back to this court with instructions to order a new trial. Exparte Williams, 461 So.2d 852 (Ala. 1984). This reversal was based upon improper comments by the prosecutor concerning the petitioner's failure to testify.
At the petitioner's second trial, he was represented by the Honorable L. Dan Turberville and the Honorable Douglas Jones. The petitioner pleaded guilty to the charge of capital murder and was sentenced to life without the possibility of parole. This conviction, the result of a plea bargain agreement, was not appealed.
The petitioner now contends that the trial court erred in denying his Rule 20 petition for post-conviction relief. He raises two issues on appeal.
 I
The petitioner first contends that the trial court erred in its determination that there was no conflict of interest such as would render his counsel's assistance ineffective. More specifically, the petitioner asserts that his Sixth Amendment right to adequate counsel was denied due to Mr. Turberville's prior representation of the family of a prosecution witness.
Mr. Turberville represented the petitioner in the retrial of capital murder charges against the petitioner. At some point during this representation, Mr. Turberville became aware that he had represented certain members of a prosecution witness's family in a civil proceeding. Mr. Turberville informed the petitioner of his prior representation of the witness's family and discussed the possibility of a conflict of interest, even though he did not believe that an actual conflict of interest existed. Mr. Turberville did not have an ongoing relationship with the witness's family and was no longer being retained by any member of the family at the time of the petitioner's trial.
In Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court set forth the standard to be used for reviewing a claim of ineffective assistance of counsel based on an alleged conflict of interest:
 "One type of actual ineffectiveness claim warrants a similar, though more limited, presumption of prejudice. In Cuyler v. Sullivan, 446 U.S. [335] at 345-350 [100 S.Ct. 1708, 1716-19, 64 L.Ed.2d 333 (1980)], the Court held that prejudice is presumed when counsel is burdened by an actual conflict of interest. In those circumstances, counsel breaches the duty of loyalty, perhaps the most basic of counsel's duties. Moreover, it is difficult to measure the precise effect on the defense of representation corrupted by conflicting interests. Given the obligation of counsel to avoid conflicts *Page 878 
of interest and the ability of trial courts to make early inquiry in certain situations likely to give rise to conflicts, see, e.g., Fed. Rule Crim.Proc. 44(c), it is reasonable for the criminal justice system to maintain a fairly rigid rule of presumed prejudice for conflicts of interests. Even so, the rule is not quite the per se rule of prejudice that exists for the Sixth Amendment claims mentioned above. Prejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.' Cuyler v. Sullivan, supra, at 350, 348 [100 S.Ct. at 1719, 1718] (footnote omitted)."
Strickland, supra, 466 U.S. at 692, 104 S.Ct. at 2067. Thus, under Strickland, to prevail on a conflict of interest claim the petitioner must show: (1) an actual conflict of interest (2) that "adversely affected" his counsel's representation.
Moreover, in a case alleging ineffectiveness of counsel through a conflict of interest from successive representation, mere proof that a criminal defendant's counsel previously represented a prosecution witness is insufficient to establish inconsistent interests, and a defendant must show either that his counsel's earlier representation of the witness was substantially and particularly related to counsel's later representation of the defendant, or that counsel actually learned particular confidential information during prior representation of the witness that was relevant to the defendant's case. Smith v. White, 815 F.2d 1401,1405-6 (11th Cir. 1987), cert. denied, 484 U.S. 863,108 S.Ct. 181, 98 L.Ed.2d 133 (1988). Such was not the case here. The facts present only a possible, speculative, or merely hypothetical conflict which does not rise to the level of a Sixth Amendment violation as articulated in Cuyler v.Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333
(1980):
 "In order to establish a violation of the Sixth Amendment, a defendant . . . must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.
". . . .
 "[U]ntil a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance."
Cuyler, supra, 446 U.S. at 349-350, 100 S.Ct. at 1719. See also Ex parte Paradise, 477 So.2d 948 (Ala. 1985).
Mr. Turberville testified that his representation of the appellant was not compromised by his prior representation of the witness's family. "Courts generally give substantial weight to defense counsel's representations regarding conflicts of interest." United States v. Agosto, 675 F.2d 965, 972
(8th Cir.), cert. denied sub nom, Gustafson v. UnitedStates, 459 U.S. 834, 103 S.Ct. 77, 74 L.Ed.2d 74 (1982);United States v. Burroughs, 650 F.2d 595, 598 (5th Cir.), cert. denied, 454 U.S. 1037, 102 S.Ct. 580,70 L.Ed.2d 483 (1981). Thus, the trial court correctly denied the petitioner's Rule 20 petition.
 II
The appellant also contends that the trial court erred when it refused to allow him to present evidence of ineffective assistance of counsel during his first trial. More specifically, he argues that he was initially charged with the offense of murder and that he expressed a desire to plead guilty to the murder charge. However, his trial counsel advised against it and the appellant was subsequently convicted of capital murder.
This argument is not supported by the record. The indictment charged the appellant with "murder in the first degree
when the killing was done for pecuniary or other valuable consideration." Section 13A-5-31(a)(7) (emphasis added).
Perhaps the appellant's confusion stems from the legislative history dealing with the crime of murder.
 "The criminal code repealed Section 13-1-70 of the 1975 Alabama Code defining the degrees of murder. Under the criminal code the degrees of murder are abolished and homicide is divided into *Page 879 
murder, manslaughter and criminally negligent homicide. Sections 13A-6-2, -3, -4. However, the capital offense defined in Section 13A-5-31(a)(7) retains the crime of murder in the first degree as a component of that capital offense despite the fact that there is no crime of murder in the first degree defined by the criminal code."
Williams v. State, supra, 461 So.2d at 838. Thus, the appellant has never been charged with anything but capital murder. See also Reeves v. State, 475 So.2d 197, 199
(Ala.Cr.App. 1985) (denial of Rule 20 petition correct where record refutes claims stated therein).
Furthermore, since appellant's first conviction was reversed and he received another trial with different counsel, any question concerning his first counsel's effectiveness would be moot. Based on the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges Concur.
[1] We note that § 13A-5-31(a)(7), Code ofAlabama 1975, was repealed effective July 1, 1981. The conduct that is the subject of this appeal occurred prior to that date, and § 13A-5-31(a)(7) is therefore applicable.