LONG, Presiding Judge.
The appellant, M.S., was convicted of second-degree rape, see § 13A-6-62(a)(l), Ala.Code 1975, and first-degree sexual abuse, see § 13A-6-66(a)(3), Ala.Code 1975. The victim was his stepdaughter, H.P. He was sentenced to 10 years’ imprisonment on each count, the sentences to run concurrently. The appellant raises seven issues on appeal; however, because of our disposition of this cause, we need address only one issue at this time.
The appellant contends that he was denied the effective assistance of counsel be *451 cause, he says, his appointed trial counsel, Tony Jennings, had a conflict of interest when he represented the appellant. Specifically, the appellant contends that Jennings had acted as the victim’s guardian ad litem during a custody battle between the appellant and the victim’s mother approximately six months before the appellant was indicted on the present charges.
A review of the record reveals the following facts relevant to the appellant’s claim. In November 1997, the appellant was indicted for first- and second-degree rape and first-degree sexual abuse regarding H.P. On January 28, 1998, Jennings was appointed to represent the appellant. Jennings represented the appellant at his trial. On August 21, 1998, a jury found the appellant guilty of second-degree rape and first-degree sexual abuse. On September 16, 1998, before the appellant’s sentencing, the appellant, acting pro se, filed a motion for a mistrial alleging that Jennings had rendered ineffective assistance of counsel because, he said, Jennings had previously served as the victim’s guardian ad litem in a custody dispute between the appellant and the victim’s mother. The appellant attached to his motion an order from the DeKalb Juvenile Court, dated April 29, 1997, in which Jennings was shown as guardian ad litem for H.P. Also on September 16, 1998, the appellant filed a pro se notice of appeal in which he also. alleged that Jennings was ineffective because of his prior representation of the victim and further alleged that Jennings, in that capacity, had been “responsible” for having H.P. removed from his custody and placed in foster care. (C. 95.)
On September 18, 1998, Jennings filed a motion to withdraw from representing the appellant, based on the allegations in the appellant’s motion for a mistrial. On September 21, 1998, the trial court, in a written order, granted Jennings’s' motion to withdraw, finding that it was “necessary and proper for the best interest of all concerned” that Jennings be removed from representing the appellant “pending further orders of the Court.” (C. 103.) The court further stated in its order that “[t]he [defendant's pro se motions referred to above shall be postponed for consideration, as appropriate, after sentencing.” (C. 103.) The trial court appointed new counsel to represent the appellant at sentencing.
On December 14, 1998, the appellant’s sentencing hearing was held. During that hearing, the appellant’s newly appointed counsel, Sherry Dobbins, requested a hearing date for the appellant’s pro se motion and for a motion for a new trial she said she intended to file. The trial court declined to set a hearing date, stating that it would schedule a hearing only after Dobbins filed a written motion for a new trial incorporating the claims the appellant had made in his pro se motion, including his claim of ineffective assistance of counsel. In addition, the trial, court -ordered the circuit court clerk to process the appellant’s notice of appeal.
On January 13, 1999, Dobbins filed a motion- for a new trial on behalf of the appellant, alleging, among other things, that Jennings’s representation of the appellant at trial had been ineffective because of the alleged conflict of interest. On January 27, 1998, the trial court ordered the appellant to file a brief in support of his motion for a new trial within 30 days, and further ordered the State to file a response 15 days after the appellant had filed his brief.
On February 12, 1999, the appellant filed a motion with this court to hold his appeal in abeyance pending a ruling on his motion for a new trial. Recognizing that the new-trial motion had been denied by *452 operation of law on February 12, 1999, and finding no express agreement to extend the time on the motion past the 60-day limit in Rule 24.4, Ala.R.Crim.P., this court denied the appellant’s motion to hold his appeal in abeyance.
The record reveals that the appellant did not file a brief to support his motion for a new trial, that the State did not file a response to the new-trial motion, and that no hearing was held on the motion. As stated above, the motion for a new trial was denied by operation of law on February 12,1999.
In Molton v. State, 651 So.2d 663 (Ala.Cr.App.1994), we stated the following regarding successive legal representation and the potential for conflict:
“It is ‘a basic constitutional precept’ that those prosecuted for criminal offenses have a right to the assistance of counsel during the proceedings. Pinkerton v. State, 395 So.2d 1080, 1085 (Ala.Cr.App.1980), cert. denied, 395 So.2d 1090 (Ala.1981). ‘Where a constitutional right to counsel exists, [the United States Supreme Courtis] Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest.’ Wood v. Georgia, 450 U.S. 261, 271, 101 S.Ct. 1097, 1103, 67 L.Ed.2d 220 (1981). ‘[T]he importance of ensuring that defense counsel is not subject to any conflict of interest which might dilute loyah ty to the accused has been long and consistently recognized.’ Douglas v. United States, 488 A.2d 121, 136 (D.C.App.1985). More- than 45 years ago, the United States Supreme Court declared: ‘The right to counsel guaranteed by the Constitution contemplates the services of an attorney devoted solely to the interests of his client.’ Von Moltke v. Gillies, 332 U.S. 708, 725, 68 S.Ct. 316, 324, 92 L.Ed. 309 (1948) (emphasis added). The right to conflict-free counsel applies whether counsel is appointed or retained. See Cuyler v. Sullivan, 446 U.S. 335, 343-45, 100 S.Ct. 1708, 1715-16, 64 L.Ed.2d 333 (1980).
“Just as there is no per se constitutional violation in ‘requiring or permitting a single attorney to represent code-fendants,’ Holloway v. Arkansas, 435 U.S. 475, 482, 98 S.Ct. 1173, 1178, 55 L.Ed.2d 426 (1978), ‘there is no per se rule prohibiting representation of the defendant by counsel who has previously represented a government witness,’ United States v. Bowie, 892 F.2d 1494, 1502 (10th Cir.1990). However, where
counsel who has previously represented a prosecution witness subsequently rep-, resents the defendant against whom the witness is to testify, the potential for a conflict of interests exists in ‘that defense counsel may not be able to-effectively cross-examine the witness for fear of divulging privileged information.’ Id. at 1501. This same concern, as well as other rather obvious concerns, arise when counsel simultaneously represents the defendant and a prosecution witness. See, e.g., Rosenwald v. United States, 898 F.2d 585, 587-88 (7th Cir.1990); Pinkerton v. State, 395 So.2d at 1086; People v. Wandell, 75 N.Y.2d 951, 554 N.E.2d 1274, 1274-75, 555 N.Y.S.2d 686 (1990). Whether counsel’s representation of the witness occurs before or is simultaneous with the representation of the defendant, the ‘potential for conflict is great where there is a substantial relationship’ between the two cases. United States v. Bowie, 892 F.2d at 1502.”
651 So.2d at 668-69.
The burden of proving that a conflict of interest rises to. the level of ineffective assistance of counsel rests on the one asserting the conflict.
*453 “ ‘[I]n order to establish a violation of the Sixth Amendment, ... [the appellant] must demonstrate that an actual conflict of interest adversely affected his lawyef’s performance.’ Cuyler v. Sullivan, 446 U.S. at 348, 100 S.Ct. at 1718. Accord Williams v. State, 574 So.2d 876, 878 (Ala.Cr.App.1990). To prove that an actual conflict adversely affected his counsel’s performance, a defendant must make a factual showing ‘that his counsel actively represented conflicting interests,’ Cuyler v. Sullivan, 446 U.S. at 350, 100 S.Ct. at 1719, ‘ “and must demonstrate . that the attorney ‘made a choice between possible alternative courses of action, such as eliciting ■ (or failing to elicit) evidence helpful to one client but harmful to the other.’ ” ’ Barham v. United States, 724 F.2d 1529, 1532 (11th Cir.)(quoting United States v. Mers, 701 F.2d 1321, 1328 (11th Cir. 1983)), cert. denied, 467 U.S. 1230, 104 S.Ct. 2687, 81 L.Ed.2d 882 (1984). Once a defendant makes a sufficient showing of an actual conflict that adversely affected counsel’s performance, prejudice under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) — i.e, ‘that, but for counsel’s unprofessional errors, the result of the proceeding would have been different’— is presumed. Strickland, 466 U.S. at 694, 692, 104 S.Ct. at 2068, 2067. See United States v. Winkle, 722 F.2d 605, 610 (10th Cir.1983); Williams v. State, 574 So.2d at 878.”
Molton, 651 So.2d at 668-69. “[I]n a case alleging ineffectiveness of counsel through a conflict of interest from successive representation, mere proof that a criminal defendant’s counsel previously represented a prosecution witness is insufficient to establish inconsistent interests, and a defendant must show either that his counsel’s earlier representation of the witness was substantially and particularly related to counsel’s later representation of the defendant, or that counsel actually learned particular confidential information during prior representation of the witness that was relevant to the defendant’s case.” Williams v. State, 574 So.2d 876, 878 (Ala.Cr.App.1990).
 A defendant may validly waive his right to a conflict-free counsel if such a waiver is knowingly and intelligently made. See Deerman v. State, 466 So.2d 1013 (Ala.Cr.App.1984), cert. denied, 466 So.2d 1020 (Ala.1985). “In order for a waiver of the right to conflict-free counsel to be knowing and intelligent, the State must show that the defendant (1) was aware that a conflict of interest existed; (2) realized the consequences to his defense that continuing with counsel under the onus of a conflict could have; and (3) was aware, of his right to obtain other counsel.” Id. at 1017, quoting Zuck v. Alabama, 588 F.2d 436, 440 (5th Cir.), cert. denied, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979).
Although we recognize that Jennings’s alleged successive representation of the victim and the appellant in this case may not necessarily have risen to the level of ineffective assistance of counsel and that the appellant bears a heavy burden to prove that the representation resulted in “an actual conflict of interest adversely affeetfing] [Jennings] performance,” Cuyler v. Sullivan, 446 U.S. 335, 349-50, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980), we likewise recognize that “ ‘[counsel's undivided loyalty to the client is crucial to the integrity of the entire adversary system.’ ” Browning v. State, 607 So.2d 339, 341 (Ala.Cr.App.1992), quoting Commonwealth v. Goldman, 395 Mass. 495, 480 N.E.2d 1023, 1032, cert. denied, 474 U.S. 906, 106 S.Ct. 236, 88 L.Ed.2d 237 (1985).
“ ‘The right to effective assistance of counsel is so vital to a fair trial that *454 courts are compelled to examine every potential infringement of that right with the most exacting scrutiny. Determining whether a particular attorney has yielded to the temptation a conflict presents requires a searching analysis of his performance at trial. A cold, dispassionate appellate transcript simply cannot provide an adequate basis for assessing such a performance, for subtle variations in demeanor and depth of cross-examination cannot be reflected in the pages of a transcript.’ ”
Deerman, supra at 1017, quoting Zuck, 588 F.2d at 440.
The Alabama Supreme Court has stated that ‘‘where, as here, a criminal defendant’s motion for a new trial is denied under the provisions of Rule 24.4, Ala. R.Crim.P., without an affirmative statement by the trial judge giving the ruling a presumption of correctness and the defendant supports his new trial motion by evidence that was not presented at trial, and that evidence, if not controverted by the State, will entitle him to a new trial, the denial by operation of law should be reversed and the cáse remanded for the trial court to conduct a hearing on his motion for new trial and then enter an order either granting or denying the motion.” Edgar v. State, 646 So.2d 683, 687 (Ala.1994).
In Hill v. State, 675 So.2d 484 (Ala.Cr. App.1995), this court expanded the principle announced in Edgar to further require that trial court’s denial of a motion for a new trial by operation of law be reversed if the grounds relied on in the motion are supported by facts contained in the record on appeal. In this case, just as in Hill, the appellant failed to attach an affidavit to his motion for a new trial to support his claim of ineffective assistance of counsel. However, the appellant’s allegation that his counsel was laboring under a conflict of interest is supported by facts contained in the record—specifically, an order from the DeKalb Juvenile Court listing Tony Jennings as the victim’s guardian ad litem. The appellant’s allegation in this regard went unrefuted by the State.
With the above-stated principles in mind and considering the seriousness of the appellant’s allegation, the support for that allegation contained in the record, and the trial court’s clear intention to hold a hearing on this issue, we must remand this cause to the trial court to hold a hearing to determine whether an actual conflict of interest existed, and, if so, whether the appellant was aware of that conflict and knowingly and intelligently waived his right to conflict-free counsel. See, e.g., Molton, supra; Jackson v. State, 502 So.2d 858 (Ala.Cr.App.1986); Deerman, supra. If the trial court determines that an actual conflict existed and that the appellant did not knowingly and intelligently waive his right to , conflict-free counsel, the trial court shall determine whether the conflict adversely affected counsel’s performance. The trial court is directed to enter written findings of fact regarding these issues. A record of the hearing and the trial court’s written findings shall be submitted to this court within 90 days of the release of this opinion. We pretermit discussion of the appellant’s remaining issues pending the trial court’s return to this remand.
REMANDED WITH INSTRUCTIONS. 
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.