PATTERSON, Judge.
Hatcher appeals from the trial court’s summary denial of his A.R.Cr.P.Temp. 20 petition wherein he contests the validity of his 1989 conviction for second degree robbery, pursuant to a guilty plea, and the resulting sentence of life imprisonment. In his petition, Hatcher contends that (1) his conviction was obtained by an involuntary and unknowing plea; (2) it was obtained by use of a coerced confession; (3) his counsel was ineffective; and (4) his sentence is not authorized by law.
A review of Hatcher’s petition reveals disjointed, frivolous or insufficiently alleged grounds, with one exception: Hatcher alleges that a prior youthful offender conviction was used to enhance his sentence. This allegation is meritorious on its face and warrants further proceedings.
We note that Hatcher’s first two allegations are not cognizable, for they could have been raised at trial, Rule 20.-2(a)(3), A.R.Cr.P.Temp. In regard to Hatcher’s allegation that counsel was ineffective in failing to advise him of his right to appeal, see Allison v. State, 495 So.2d 739 (Ala.Cr.App.1986). We also note that the Ireland form executed by Hatcher and contained in a supplemental record to the instant case reflects the advice of the right to appeal. Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (Cr.App.1971). Hatcher’s other allegations of counsel’s ineffectiveness appear to be insufficiently alleged or without merit. More particularly, Hatcher failed to allege the “prejudice” requirement of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by alleging that, had counsel been effective, he would have pleaded not guilty and insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
Based on the foregoing, this cause is remanded for the determination of whether Hatcher’s sentence was enhanced by a pri- or youthful offender conviction.
REMANDED WITH DIRECTIONS.
All Judges concur.