PATTERSON, Judge.
The appellant, Coleman Jackson, appeals the circuit court’s summary denial of his A.R.Cr.P. 32 petition in which Jackson contested his 1991 convictions, based upon his pleas of guilty, for receiving stolen property in the second degree, fraudulent use of a credit card, and unlawful breaking and entering a vehicle (two indictments). As a result of these convictions, Jackson was sentenced, as an habitual offender, to 4 concurrent terms of 20 years’ imprisonment. Jackson did not appeal these convictions and sentences.
In his petition, Jackson argued that his trial counsel was ineffective because counsel “allowed the court to fail to advise [him] of potential punishment prior to [his] pleading guilty”; that he should be resen-tenced because his sentences of 20 years’ imprisonment for his Class C felony convictions are beyond the 10-year maximum sentence permitted by § 13A-5-6(a)(3), Code of Alabama 1975; and that his “convictions [were] obtained by a violation of the privilege against self incrimination[,] from the results of the said ‘excessive’ Class (C) felon[y] convictions, and failure to advise [him] of the proper punishments.” The circuit court denied these allegations with the specific finding that “[t]he matter is one which could have been but was not raised on appeal.”
I
Jackson contends that the circuit court erred in denying his petition based on its finding that Jackson should have asserted his allegations on direct appeal because, he says, the instant record fails to show that he was informed of his right to direct appeal and, therefore, he says, he did not “sleep on his right.” We consider that Jackson’s assertions that he was not informed of his right to appeal and that he did not waive this right are not before us because they were not presented to the circuit court. These assertions should have been made in his Rule 32 petition under the ground “[t]he petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner’s part,” Rule 32.1(f). Because these allegations were not presented to the circuit court, but were presented in his appellate brief, which we cannot consider, we find this issue to be without merit.
II
Jackson further contends that his pleas were not knowingly and voluntarily entered because, he says, he was not advised by counsel or by the trial court of the applicable ranges of possible sentences. This issue, however, was not presented to *378 the circuit court. While this issue does overlap with the petition’s claim that Jackson’s trial counsel was ineffective because counsel “allowed the court to fail to advise [him] of potential punishment prior to [his] pleading guilty,” the two claims are different. The circuit court was confronted with the issue of whether Jackson had met his burden of pleading facts that, if true, would entitle him to relief under the ground of ineffective counsel. See Rule 32.3. Jackson did not meet this burden because he failed to plead that there is a reasonable probability that, but for counsel’s error, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Without this allegation of prejudice, it was not necessary for the circuit court to consider the underlying factual question of whether the trial court had failed to advise Jackson of the applicable sentence ranges. “The trial court must be apprised of the basis for the objection [or, in this instance, the ground for a Rule 32 petition] with sufficient particularity to allow an informed decision to be made on the particular legal issue involved.” Bland v. State, 395 So.2d 164, 168 (Ala.Cr.App.1981) (emphasis added).
Accordingly, this issue of whether Jackson’s pleas were entered knowingly and voluntarily is not before us.
Ill
Finally, Jackson contends that his trial counsel was ineffective in allegedly failing to object to the trial court’s sentencing Jackson “contrary to statutory punishment for a Class C felony absent proper certification as a habitual offender.” This particular assertion was also not presented to the circuit court and cannot be presented for the first time on appeal. Cf. Leonard v. State, 551 So.2d 1143, 1151 (Ala.Cr.App.1989) (wherein the court stated that “[a] defendant is bound by the grounds of objection raised at trial and cannot change them on appeal”).
Accordingly, the judgment is affirmed.
AFFIRMED.
All Judges concur.