We granted the petition for writ of certiorari to review two questions: (1) Did the trial court err in allowing the prosecutor to question the defendant, Floyd Willie Pippens, on cross-examination, about his pre-arrest silence, and (2) Did the trial court err in not instructing the jury regarding negligent homicide as a lesser-included offense of reckless manslaughter?
The Court of Criminal Appeals affirmed the conviction of reckless manslaughter, and in an unpublished memorandum, 617 So.2d 710, citing Salter v. State, 578 So.2d 1092 (Ala.Cr.App. 1990), wrote:
 "The appellant's contention that the trial court committed reversible error in allowing the State to question him on cross-examination as to whether he made a statement when he voluntarily went to the police station is without merit. . . . The record reveals that the prosecutor never commented on the appellant's failure to make a statement to police."
After reviewing pertinent portions of the record on appeal, we conclude that the judgment of the Court of Criminal Appeals is due to be affirmed.
Petitioner, Floyd Willie Pippens, was involved in a shooting that resulted in the death of Barbara Jean White. The killing occurred in the Metropolitan Gardens housing project in Birmingham and arose out of an argument between two men. White was killed by a bullet that the jury could have found came from Pippens's .38 caliber pistol.
Witnesses for the State testified that the two men began fighting and shooting at each other; that Pippens had a gun; that he shot at one of the men; that a bullet hit White in the head; and that White died as a result of the gunshot wound. Witnesses testified that Pippens fled the scene in a black Pontiac Trans Am automobile.
Pippens elected to testify in his own behalf. He testified that he did own a .38 caliber pistol and that he did fire two shots on the night of White's death, but that he was firing in self-defense, that he had been afraid, and that he threw the pistol into a creek as he was on his way home. He also testified, on direct examination, that he voluntarily turned himself in to law enforcement officers when he heard that they were looking for him.
During cross-examination, the prosecutor asked Pippens several questions, most of them relating to his testimony that he turned himself in to law enforcement officers. First, the prosecutor asked Pippens if he talked to a Sergeant Reynolds when he went to talk to law enforcement officers, *Page 963 
and, if so, if he told him that he shot in self-defense. Pippens's attorney objected on the ground that the question violated his constitutional rights to remain silent. Outside the presence of the jury, the judge overruled Pippens's objection, on the ground that Pippens had opened the door by trying to characterize himself as a law-abiding citizen who turned himself in as soon as he heard that the law enforcement officers were looking for him.
When the jury returned, the prosecutor asked Pippens if it was true that he went to turn himself in only because his attorney had advised him to do so. Pippens denied that that was the reason. The prosecutor subsequently asked Pippens if he talked to the officers when he went to the courthouse the day after the shooting. Pippens testified that he did not. Finally, the prosecutor asked Pippens about his pistol: "And when did you go out there [to search for the pistol], before or after you went down and met with [your lawyer] and didn't talk to the authorities?"
 I
Pippens argues first that by asking these questions the prosecutor violated his Fifth Amendment right to remain silent. As stated earlier, the Court of Criminal Appeals, citingSalter v. State, 578 So.2d 1092 (Ala.Cr.App. 1990), held that Pippens's argument was meritless because, it said in its unpublished memorandum, the prosecutor "never commented on the appellant's failure to make a statement to police."
Initially, it should be noted that this case does not involve evidence of a pre-arrest tacit admission, which must be excluded if a timely objection is made. Ex parte Marek,556 So.2d 375 (Ala. 1989). The facts of this case are more analogous to those in Jenkins v. Anderson, 447 U.S. 231,100 S.Ct. 2124, 65 L.Ed.2d 86 (1980), in which the prosecutor tried to impeach the defendant's testimony that he stabbed a man in self-defense, by asking him why he did not talk to the police until two weeks after the stabbing. In holding that the prosecutor in Jenkins had not violated the defendant's right to remain silent, the Court noted that the defendant voluntarily took the stand in his own defense and that the attempted impeachment of the defendant could enhance the reliability of the criminal process. The Court concluded "that the Fifth Amendment is not violated by the use of pre-arrest silence to impeach a criminal defendant's credibility." Id. at 238,100 S.Ct. at 2129.
A defendant who voluntarily testifies is generally subject to impeachment on cross-examination, as is any other witness. The prosecutor's questions were permissible in light of Pippens's testimony on direct examination that he turned himself in to law enforcement officers. Cf. Reeves v. State, 591 So.2d 566,569 (Ala.Cr.App. 1991) (prosecutor may cross-examine defendant who waives his Miranda rights about his silence or failure to give an exculpatory statement).
 II
Pippens argues next that he was entitled to an instruction regarding criminally negligent homicide as a lesser included offense of reckless manslaughter. The trial judge and the Court of Criminal Appeals determined that there was no evidence to warrant the instruction. We agree. Pippens testified that he intended to shoot one of the men involved in the fight, and the evidence showed that there were several people in the area when he shot. The jury apparently believed the evidence that one of Pippens's shots struck and killed White, and that he had intended to shoot someone else. There was no evidence that Pippens could have been unaware of the risk of firing a pistol twice under such circumstances. Ala. Code 1975, § 13A-2-2, Commentary.
The judgment of conviction is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur. *Page 964