SHAW, Judge.
 

 Dustin Glenn Connally appeals the circuit court’s summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his January 31, 2005, conviction, entered pursuant to a guilty plea, for manslaughter and his resulting sentence of 17 years’ imprisonment. Connally did not appeal his conviction and sentence.
 

 On December 8, 2005, Connally filed his Rule 32 petition. In his petition, Connally alleged:
 

 (1) that his guilty plea was involuntary because, he said, the trial court did not properly inform him of the minimum and maximum sentences he could receive, and did not ascertain that his plea was free from coercion and/or promises; and
 

 (2) that his trial counsel was ineffective because, he said:
 

 (a) his counsel did not explain to him the elements of murder (the crime with which he was charged), manslaughter (the crime to which he pleaded guilty), or criminally negligent homicide and, thus, he was unable to make an informed decision as to whether to plead guilty to manslaughter, and that, had he been properly informed by his counsel of the various lesser-included offenses of the murder charge, he would not have pleaded guilty to manslaughter;
 

 (b) his counsel did not investigate his competency to stand trial or the possibility of asserting an insanity defense based on intoxication and did not request psychiatric assistance; and
 

 (c) his counsel did not investigate possible defenses, interview possible witnesses, or use the private investigator his family hired.
 

 After receiving a response from the State, the circuit court summarily denied the petition on February 21, 2006, on the ground that Connally’s claims could have been, but were not, raised and addressed on appeal, see Rule 32.2(a)(5), Ala.R.Crim.P., and were bare allegations insufficient to satisfy the pleading requirements in Rule 32.3 and Rule 32.6(b), Ala.R.Crim.P.
 

 I.
 

 Initially, we point out that the circuit court erred in finding that Connally’s claims were procedurally barred. It is well settled that “claims of ineffective assistance of counsel and challenges to the voluntariness of a guilty plea may be presented for the first time in a timely filed Rule 32 petition.”
 
 Murray v. State,
 
 922
 
 *621
 
 So.2d 961, 965 (Ala.Crim.App.2005). Therefore, Connally’s claims were not barred.
 

 However, with respect to claims (2)(b) and (2)(c), as set out above, we agree with the circuit court that these claims were bare allegations insufficient to satisfy the pleading requirements in Rule 32.3 and Rule 32.6(b). Rule 32.3 states that “[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.” Rule 32.6(b) states that “[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings.” As this Court noted in
 
 Boyd v. State,
 
 913 So.2d 1113 (Ala.Crim.App.2003):
 

 “ ‘Rule 32.6(b) requires that the
 
 petition
 
 itself disclose the
 
 facts
 
 relied upon in seeking relief.’
 
 Boyd v. State,
 
 746 So.2d 364, 406 (Ala.Crim.App.1999). In other words, it is not the pleading of a
 
 conclusion
 
 ‘which, if true, entitle[s] the petitioner to relief.’
 
 Lancaster v. State,
 
 638 So.2d 1370, 1373 (Ala.Crim.App.1993). It is the allegation of
 
 facts
 
 in pleading which, if true, entitles a petitioner to relief. After
 
 facts
 
 are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala.R.Crim.P., to present evidence proving those
 
 alleged facts.
 
 ”
 

 913 So.2d at 1125.
 

 In
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show that counsel’s assistance was ineffective. A defendant has the burden of showing (1) that his counsel’s performance was deficient and (2) that that deficient performance actually prejudiced the defense. To prove prejudice, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” 466 U.S. at 694, 104 S.Ct. 2052. “In the context of guilty plea proceedings, a petitioner must show that, but for his counsel’s errors, he would not have pleaded guilty but would have insisted on proceeding to trial.”
 
 Burtram v. State,
 
 733 So.2d 921, 922 (Ala. Crim.App.1998). Furthermore, “a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” 466 U.S. at 689, 104 S.Ct. 2052.
 

 A.
 

 With respect to Connally’s claim that his trial counsel was ineffective for not investigating his competency to stand trial or the possibility of asserting an insanity defense based on intoxication and for not requesting psychiatric assistance, Connally alleged that he had been “drinking heavily” on the night of the crime (C. 41) and that his aunt had requested that his counsel have Connally evaluated, but that counsel refused “even though counsel knew of the petitioner’s intoxication, history of depression and emotional problems, and learning difficulties throughout his life.” (C. 45.) Connally pleaded no other facts in his petition.
 

 “[NJeither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial.”
 
 Medina v. Singletary,
 
 59 F.3d 1095, 1107 (11th Cir.1995). “[T]he law is clear that ‘[p]roof of the incompetency of an accused to stand trial involves more than simply showing that the accused has mental problems or
 
 *622
 
 psychological difficulties.’ ”
 
 Thomas v. State,
 
 766 So.2d 860, 881 (Ala.Crim.App.1998), aff'd, 766 So.2d 975 (Ala.2000), overruled on other grounds by
 
 Ex parte Taylor,
 
 10 So.3d 1075 (Ala.2005), quoting
 
 Bailey v. State,
 
 421 So.2d 1364, 1366 (Ala.Crim.App.1982). Connally’s bare allegation that he had a history of depression, emotional problems, and learning difficulties was not sufficient to indicate that he was incompetent to stand trial, i.e., that he “lack[ed] sufficient present ability to assist in his ... defense by consulting with counsel with a reasonable degree of rational understanding of the facts and the legal proceedings against” him. Rule 11.1, Ala. R.Crim.P.
 

 Likewise, Connally’s bare allegation that he had been “drinking heavily” on the night of the crime was not sufficient to indicate that intoxication would have been a viable defense to the murder charge. As the United States Supreme Court explained in
 
 Hill v. Lockhart,
 
 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985):
 

 “We hold, therefore, that the two-part
 
 Strickland v. Washington[,
 
 466 U.S. 668 (1984),] test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the
 
 Strickland v. Washington
 
 test is nothing more than a restatement of the standard of attorney competence already set forth in
 
 Tollett v. Henderson,
 
 [411 U.S. 258 (1973),] and
 
 McMann v. Richardson,
 
 [397 U.S. 759 (1970) ]. The second, or ‘prejudice,’ requirement, on the other hand, focuses on whether counsel’s constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the ‘prejudice’ requirement, the defendant must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.
 

 “In many guilty plea cases, the ‘prejudice’ inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error ‘prejudiced’ the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the ‘prejudice’ inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial. See, e.g.,
 
 Evans v. Meyer,
 
 742 F.2d 371, 375 (C.A.7 1984) (‘It is inconceivable to us ... that [the defendant] would have gone to trial on a defense of intoxication, or that if he had done so he either would have been acquitted or, if convicted, would nevertheless have been given a shorter sentence than he actually received’). As we explained in
 
 Strickland v. Washington,
 
 supra, these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the ‘idiosyncrasies of the particular decisionmaker.’
 
 Id.,
 
 466 U.S., at 695.”
 

 474 U.S. at 370-71, 106 S.Ct. 681.
 

 “To negate the specific intent required for a murder conviction, the degree of the accused’s intoxication must amount
 
 *623
 
 to insanity.”
 
 Davis v. State,
 
 740 So.2d 1115, 1121 (Ala.Crim.App.1998). Connally failed to allege how much he had to drink the night of the crime, how long before the crime he had been drinking, or any other facts indicating that his alleged intoxication amounted to insanity. In addition, Connally failed to allege that, but for counsel’s alleged failure to investigate his intoxication, he would not have pleaded guilty, but would have insisted on going to trial. See, e.g.,
 
 Jackson v. State,
 
 616 So.2d 376, 378 (Ala.Crim.App.1993) (“Jackson did not meet his burden [of pleading] because he failed to plead that there is a reasonable probability that, but for counsel’s error, he would not have pleaded guilty and would have insisted on going to trial.”);
 
 Hatcher v. State,
 
 570 So.2d 1273, 1274 (Ala.Crim. App.1990) (“Hatcher’s other allegations of counsel’s ineffectiveness appear to be insufficiently alleged or without merit. More particularly, Hatcher failed to allege the ‘prejudice’ requirement of
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by alleging that, had counsel been effective, he would have pleaded not guilty and insisted on going to trial.”);
 
 Harris
 
 v.
 
 State,
 
 509 So.2d 258, 258 (Ala.Crim.App.1987) (“Appellant failed to satisfy the ‘prejudice’ requirement of
 
 Hill v. Lockhart,
 
 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), for he did not allege in his petition that, had counsel been effective, he would have pleaded not guilty and insisted on going to trial.”); and
 
 Smith v. State,
 
 488 So.2d 19, 19 (Ala.Crim.App.1986) (“The trial court did not err in denying Smith’s petition without an evi-dentiary hearing because his allegations were insufficient; Smith failed to satisfy the ‘prejudice’ requirement of
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for he did not allege in his petition that, had counsel been effective, he would have pleaded not guilty and insisted on going to trial.”).
 

 Therefore, Connally failed to plead sufficient facts indicating that his counsel was ineffective in this regard.
 

 B.
 

 With respect to Connally’s claim that his trial counsel was ineffective for not investigating possible defenses, interviewing possible witnesses, or using the private investigator his family had hired, Connally failed to allege what possible defenses his counsel did not investigate, what possible witnesses his counsel did not interview or what those witnesses would have said had they been interviewed, or what information his family’s private investigator would have found had his services been used. Clearly then, Connally failed to plead sufficient facts indicating that his counsel was ineffective in this regard.
 

 II.
 

 With respect to claims (1) and (2)(a), however, we conclude that Connally pleaded sufficient facts in his petition regarding these claims to satisfy the pleading requirements in Rule 32.3 and Rule 32.6(b).
 

 Connally alleged in his petition that his guilty plea was involuntary because, he said, the trial court did not properly advise him of the minimum and maximum sentences that he could receive for his manslaughter conviction and did not ascertain that his plea was free from coercion and/or promises. Connally argued that although he signed an
 
 Ireland v. State,
 
 47 Ala.App. 65, 250 So.2d 602 (1971), form before entering his plea, the trial court did not determine that he had read and understood the form before accepting his plea. See, e.g.,
 
 Boglin v. State,
 
 840 So.2d 926 (Ala.Crim.App.2002) (holding that Boglin’s plea was involuntary when the trial court ascertained that Boglin had signed the
 
 Ireland
 
 form, but failed to ascertain that Boglin had read and understood the form or to engage in any colloquy with Boglin to
 
 *624
 
 show that his plea was voluntary). Con-nally also argued that other than asking if he wanted to enter a plea, the trial court never ascertained that his plea was free from coercion by asking him if he had been promised anything in exchange for his plea or threatened. According to Connally, had the trial court asked him these questions, he would have informed the court that his trial counsel had originally told him that the plea agreement called for a 15-year sentence; that just before the plea proceeding counsel told him that the agreement had been changed to 17 years; and that he told his counsel that he wanted to go to trial instead of pleading guilty in exchange for a 17-year sentence, but counsel “got an attitude” and effectively forced him to plead guilty. (C. 36.)
 

 These facts were sufficient to satisfy the pleading requirements in Rule 32.3 and Rule 32.6(b), and they were unrefuted by the State. Therefore, they must be accepted as true. See
 
 Bates v. State,
 
 620 So.2d 745, 746 (Ala.Crim.App.1992) (“ ‘When the State does not respond to a petitioner’s allegations, the unrefuted statement of facts must be taken as true.’ ”), quoting
 
 Smith v. State,
 
 581 So.2d 1283, 1284 (Ala.Crim.App.1991). Moreover, the Rule 32 record does not contain a transcript of the guilty-plea colloquy and because Connally did not appeal his conviction, that transcript is not otherwise available for this Court’s review. Although the Rule 32 record does contain the case action summary sheet, on which there is a typed notation indicating that Connally was advised of his rights and voluntarily entered his plea, a notation on the case action summary sheet is not, by itself, sufficient to refute a sufficiently pleaded claim challenging the voluntariness of a guilty plea.
 

 Connally also alleged in his petition that his trial counsel was ineffective for not explaining to him the elements of murder (the crime with which he was charged), manslaughter (the crime to which he pleaded guilty), or criminally negligent homicide. He argues that absent any information regarding the charged crime and its lesser-included offenses, he was unable to make an informed decision as to whether to plead guilty to manslaughter. He also argues that had he been informed of the elements of these crimes, based on the facts in his case, he would not have pleaded guilty to manslaughter, but would have insisted on going to trial in hopes of obtaining an acquittal or a conviction for criminally negligent homicide.
 

 Connally pleaded in his petition specific facts regarding the crime and his participation in it — he alleged that playful banter between him and his friend, Chad Boy-ette, escalated into a fight; that during the fight the victim, David Bibby, knocked him to the floor; that he reacted to being knocked down by hitting Bibby in the face four times; that he did not intend to hurt or kill Bibby; and that he did not perceive the risk that he would kill Bibby by punching him in the face. These facts indicate that, had he gone to trial, Connally may have been entitled to a jury instruction on criminally negligent homicide, see
 
 Koppersmith v. State,
 
 742 So.2d 206 (Ala.Crim.App.1999), and
 
 Woods v. State,
 
 485 So.2d 1243 (Ala.Crim.App.1986), and were sufficient
 
 to
 
 satisfy the pleading requirements in Rule 32.3 and Rule 32.6(b). Moreover, these facts were unrefuted by the State and, thus, as noted above, must be accepted as true.
 

 Based on the foregoing, we must remand this case for the circuit court to allow Connally an opportunity to present evidence to support his allegations (1) that his guilty plea was involuntary because, he said, the trial court did not properly advise him of the minimum and maximum sentences that he could receive for his manslaughter conviction and did not ascertain that his plea was free from coercion and/or
 
 *625
 
 promises, and (2) that his trial counsel was ineffective for not explaining to him the elements of murder (the crime with which he was charged), manslaughter (the crime to which he pleaded guilty), or criminally negligent homicide. On remand, the court shall either conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala.R.Crim.P. After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Connally’s claims, and may grant whatever relief it deems necessary. Due return shall be filed within 42 days of the date of this opinion, and shall include a transcript of the guilty-plea colloquy, the circuit court’s written findings of fact, a transcript of the evidentiary hearing, if one is conducted, and any other evidence received or relied on by the court in making its findings.
 

 REMANDED WITH DIRECTIONS.
 
 *
 

 BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ., concur.
 

 *
 

 Note from the reporter of decisions: On October 2, 2009, on return to remand, the Court of Criminal Appeals affirmed, without opinion.